■ GEORGETTE CAMPBELL, Appellant, v. GIRAUD CAMPBELL, Respondent.—In an action for a separation, the appeal is from an order denying a motion for an order requiring respondent to appear and be examined before trial "regarding his earnings, income, property and assets, and generally as to his financial circumstances and ability" and requiring him, pursuant to section 324 of the Civil Practice Act, to "produce and discover his office appointment book, copies of income tax returns for the preceding five years, his bank books, cancelled checks, records of purchases and sales of real property and securities and all other records pertaining to his financial transactions and such other records, books, papers and correspondence and other writings in his custody or control as are related to the subject matter of the examination before trial". Order affirmed, without costs. Respondent is an osteopath. By his answer, he did not deny any of the allegations in the complaint. He reserved therein solely "the right to contest and be heard concerning any award to be granted herein for temporary alimony, permanent alimony and counsel fees." By an order entered prior to the making of the instant motion temporary alimony and a counsel fee were awarded, without prejudice to an application to the trial court for a further allowance of a counsel fee. By that order, appellant, upon payment of the first half of the counsel fee, was required to place the case on the calendar for the first available term. Appellant did not place the case on the calendar although the first half of the counsel fee was paid prior to the making of the instant motion. The papers submitted indicate that respondent has made a rather frank and full disclosure of his assets and income. In respondent's affidavit it was stated that, in appellant's motion for temporary alimony and counsel fees, she contended that she had knowledge of respondent's income and assets. Respondent's affidavit in opposition to the motion for temporary alimony and counsel fees is a part of the papers on appeal. The affidavit of appellant in support of that motion is not a part of the papers on appeal. In the papers on appeal there is no explanation by appellant for her signing joint income tax returns, if those returns were fraudulent. There are no minor children. In denying the motion the Special Term stated that "Should the trial elicit any fact indicating a lack of frankness on the defendant's part as to his means, the Trial Justice will be in a position to take any action deemed necessary, but this record shows no present need for the relief requested." It may not be held that the discretion of the Special Term was improvidently exercised (*Schattner* v. *Schattner,* 6 A D 2d 829; see, e.g., *Wightman* v. *Wightman,* 7 A D 2d 859). *Kirshner* v. *Kirshner* (7 A D 2d 202) is readily distinguishable factually. By the determination in *Kirshner* v. *Kirshner* (*supra*) this court did not rule that the Special Term necessarily abuses its discretion when it denies a motion for an examination before trial as to husband's finances in a matrimonial action. In our opinion, the Special Term in the proper exercise of its discretion should ordinarily grant a motion for an examination before trial as to a self-employed husband's financial circumstances when the wife can have no real, personal knowledge of the husband's income — if the husband does not contest the wife's right to a decree in her favor — in the absence of special circumstances indicating that the motion should be denied. In our opinion, the Special Term, in the proper exercise of its discretion in a matrimonial action, should ordinarily deny a motion for an examination before trial as

to a husband's financial circumstances when the husband contests the wife's right to a decree in her favor — in the absence of special circumstances indicating that it would be proper to grant the motion. In the special circumstances involved herein, it may not be held that the discretion of the Special Term was improvidently exercised (*Schattner* v. *Schattner*, 6 A D 2d 829, *supra*; see, e.g. *Wightman* v. *Wightman*, 7 A D 2d 859, *supra*; cf. *Kirshner* v. *Kirshner*, 7 A D 2d 202, *supra*). Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ., concur. Murphy, J., dissents and votes to reverse the order and to grant the motion, with the following memorandum: In my opinion, the Special Term would have granted the motion had the opinion in *Kirshner* v. *Kirshner* (7 A D 2d 202) been before it. The confidential reports regarding the illnesses and treatment of patients would of course have been excluded.