■ In the Matter of CAROL GROSSMAN, Mother, on Behalf of ANDREW GROSSMAN, Respondent, v. WILLIAM OSTROW, Appellant.— Order of Family Court, dated May 24, 1968, modifying a support provision incorporated in a New Jersey decree of divorce, unanimously modified on the law and facts and in the exercise of discretion, to the extent of directing respondent-appellant to pay the sum of $150 per week for the support of the child, the same to be made in lieu of all other payments, payments to be retroactive to May 24, 1968, and as so modified, affirmed, without costs or disbursements. We believe the record will not support an award in excess of the amount directed, and while circumstances may occasionally appear which require a different disposition, we think the more desirable practice is to make an inclusive award of a specified sum rather than direct payments of indefinite amounts to third parties. (*Schine* v. *Schine,* 28 A D 2d 976; *Macris* v. *Macris,* 29 A D 2d 528; *Sklan* v. *Sklan,* 29 A D 2d 526.) We find no valid reason for disturbing the award of counsel fees. Concur — Capozzoli, J. P., Nunez, McNally, Steuer and Bastow, JJ.

■ In the Matter of JOAN S. OHRSTROM, on Behalf of Herself and as Mother of PETER OHRSTROM and Another, Respondent, v. GEORGE L. OHRSTROM, JR., Appellant.— Order of the Family Court, entered on August 2, 1968, granting petitioner's motion for an examination before trial of respondent husband, and order of September 30, 1968, awarding petitioner a counsel fee and printing costs to defend the appeal from the earlier order, unanimously reversed on the law, on the facts and in the exercise of discretion and both motions denied, without costs or disbursements to either party. The granting of petitioner's application for examination before trial of the respondent was inappropriate in the absence of a showing of special circumstances. " Even under the liberal disclosure provisions of the CPLR, this court has held that in a separation action no examination before trial of a defendant as to his income, property · and assets will be ordered in the absence of a showing of special circumstances. * * * In a matrimonial case ' the need for the examination should be shown'. (*Nomako* v. *Ashton,* 20 A D 2d 331, 334.) A proper case for disclosure must be established by evidentiary proof. (*Hunter* v. *Hunter,* 10 A D 2d 291, 296, mot. for lv. to app. den. 10 A D 2d 937.) " (*Matter of Schwartz* v. *Schwartz,* 23 A D 2d 204.) In addition, the respondent has conceded his financial ability to comply with any reasonable support order and, therefore, there is no necessity for the examination. (*Lesher* v. *Hyman,* 25 A D 2d 847.) Obviously, the order granting the examination was entirely devoid of merit and, in the absence of a demonstration of a reasonable probability of success, the order awarding counsel fee and printing costs for the appeal should not have been made. (*Habiby* v. *Habiby,* 24 A D 2d 435.) Concur — Capozzoli, J. P., Nunez, McNally, Steuer and Bastow, JJ.