Bernard F. McCaffrey, J.
In this matrimonial action the *763 defendant seeks an order, pursuant to CPLR 3133, striking interrogatories served upon him by the plaintiff.
There are two children of the marriage, ages eight and six. Plaintiff and defendant have been living separate and apart since January, 1973. The plaintiff wife instituted two separate causes of action, one in which she sought a divorce, and a second in which she seeks varied equitable relief relative to the marital residence. The defendant husband is contesting both of the aforesaid actions, and in the matrimonial action he has counterclaimed for a divorce. On motion of the defendant and by prior order of this court, these actions were consolidated. The plaintiff thereafter served interrogatories on the defendant which contain questions relating to the financial status of the defendant in the matrimonial action, as well as queries relative to his ownership of the marital residence. The defendant has moved to strike the interrogatories.
In addition to other relief, the plaintiff wife seeks an order directing the defendant to appear for an examination before trial as to his finances. The general rule is that in matrimonial matters oral depositions are permitted only on a limited basis. The basic rule is set forth in Campbell v Campbell (7 AD2d 1011) and in Plancher v Plancher (35 AD2d 417, affd 29 NY2d 880).
It would appear that the bases for the restrictive rules relating to examinations before trial in matrimonial matters, where the husband opposes the wife’s right to a decree, is predicated upon three concerns.
First, that the permitting of examinations before trial, particularly as to the other party’s financial resources, might possibly impede or prevent any possible reconciliation.
The second basis is that matrimonial matters are charged with such emotion that the possibility is so great the wife will unduly harass the husband concerning his financial resources, employment and the filing of income tax statements.
The third basis appears to be that the husband should not be subjected to financial disclosure when the wife may not be able to establish her right to a decree.
The court notes that in the matter of Campbell v Campbell (supra), which case is consistently cited as setting forth the basic rule in the Second Department for restrictions on examinations before trial in matrimonial matters, there were no *764 children involved and, thus, it related only to alimony and not child support.
Though there may be many cogent arguments as to why these reasons are no longer viable or equitable, we are, nevertheless, constrained to follow the present restrictive rule on examinations before trial as between parties. However, none of these reasons apply to the separate rights of children to an examination before trial of the financially responsible parents for purposes of having the proper amount of support payments established to meet their needs. Nor is it a sufficient basis to preclude the children from this right merely because it might have the effect of allowing the wife to also obtain the financial disclosure information. The courts cannot disregard one of its most important responsibilities, namely, that all infants are wards of the court. This is so, even if it leads to a further undesirable procedure of appointing a guardian ad litem for this purpose.
In this matter it is undisputed that the parties have been living separate and apart for over two and one-half years. Although the defendant may be a salaried employee, it is very doubtful that the wife has knowledge relative to the financial status of the husband since January, 1973. Also undisputed, is that the two infant children of the marriage have been residing with the wife since the breakup of the marriage. No matter who is successful in the matrimonial controversy, a paramount issue at the time of trial will be the question of support for the infant issue. A proper determination to serve the welfare of the children will necessitate a complete exploration of the father’s finances. In the interest of narrowing the financial issue of the ability of the father to support the children, a response to the interrogatories is necessitated. This latter statement is particularly true as is evidenced by the unrefuted statement of the wife that the husband father contends he is unable to pay the existing medical and dental bills of his children. Under these facts the court concludes the plaintiff has demonstrated sufficient cause and circumstances.
Also contained in the interrogatories, are questions relating to the second cause of action which seeks varied relief relative to real property. This latter cause of action, although relating to real property, the marital residence, as pleaded, is unconnected to the divorce cause of action. Thus, even though they have been consolidated under section 234 of the Domestic Relations Law by prior order of this court, the plaintiff would *765 be entitled to examine the defendant as to the separate cause of action. For even though the real property cause of action is consolidated with a matrimonial cause of action, there is no justification for removing the right of plaintiff for disclosure on the issues in the real property action. (Panetta v Panetta, 35 AD2d 967.)
Therefore, the motion by defendant for an order, pursuant to CPLR 3133, striking interrogatories served upon him by the plaintiff, is denied.