■ RICKI GOODYEAR, Respondent, v STEPHEN GOODYEAR, Appellant.— Order entered January 9, 1976, in the Supreme Court, New York County, unanimously reversed, on the law and the facts and in the exercise of discretion, and defendant's application for a protective order is granted, without costs and without disbursements to either party. The parties were married in New York on August 5, 1970. In August, 1974, defendant-appellant (appellant) commenced an action for divorce in New Mexico and plaintiff-respondent (respondent) was served under the New Mexico long-arm statute. Thereafter, respondent obtained an order of sequestration and commenced an action in this State seeking a separation, support and an injunction against appellant proceeding in the New Mexico divorce action. On December 18, 1974, the court in Santa Fe, New Mexico, entered a default judgment granting appellant a divorce. The decree contained a provision awarding alimony to respondent for a period of 25 months at a rate of $1,500 per month for the first year and $1,000 per month for the second year. Thereafter, respondent sought in New Mexico to set aside the default judgment. Following a hearing and the submission to the court of affidavits filed in the instant action, the New Mexico court denied respondent's application. Subsequently, our Supreme Court at Special Term held that the New Mexico decree was entitled to full faith and credit and was not subject to collateral attack and dismissed respondent's complaint. On or about May 28, 1975, pursuant to leave granted, respondent served an amended complaint seeking an upward modification of the New Mexico alimony award. Respondent bases her claim for relief on a drastic change of financial circumstances. However, she does not show that her needs are greater now than when the divorce was granted, nor is it shown that appellant's finances are different now than when she contested the decree in New Mexico. Certainly, when respondent appeared in the New Mexico proceedings, she could then have questioned appellant concerning his finances. Respondent elected not to do so. However, in October, 1975, respondent served a notice to take appellant's deposition in the instant action to inquire into his income and assets and also sought to compel appellant to produce voluminous financial records covering a three-year span. Appellant moved for a protective order, which application was denied despite the fact that he expressly conceded his ability to comply with any reasonable modification of the alimony award. In light of appellant's admission, there is no necessity for the examination sought, nor is such examination warranted. Moreover, there is only a bare conclusory allegation of changed circumstances and no evidentiary facts proffered in support of the claim. There is an insufficient basis for the examination. (See *Hunter v Hunter,* 10 AD2d 291; *Matter of Schwartz v Schwartz,* 23 AD2d 204; *Matter of Ohrstrom v Ohrstrom,* 31 AD2d 797.) Concur—Stevens, P. J., Markewich, Birns, Silverman and Nunez, JJ.