OPINION OF THE COURT
Bernard F. McCaffrey, J.
The cardinal issue of the discovery aspects of this matter involves one of first impression under the new equitable distribution law, that is, to what extent may the plaintiff wife seek discovery of the names and addresses of all the clients of the law firm, in which the defendant husband is a 25 % partner, for the purposes of contacting the firm’s clients to verify the accuracy of the law firm’s fee arrangement with its clients.
The plaintiff moved by order to show cause for varied pendente lite relief and certain discovery. Defendant, on the other hand, moved for a protective order regarding a portion of the discovery sought by the plaintiff.
The motion and cross motion are determined in a short form order issued by the court simultaneously with this memorandum decision. However, inasmuch as the nature of discovery sought is one of continuing import under the new equitable distribution law of this State, the court has issued a decision in memorandum form so as to expand upon its determination of the issue involving that branch of *854 plaintiff’s motion which seeks discovery as to defendant’s law partnership relative to the evaluation of same for purposes of a claimed distributive share under the equitable distribution law, and defendant’s cross motion for a protective order with respect to certain aspects of the discovery sought.
The defendant was served with a notice to produce an extensive number of financial documents and records, and defendant acknowledges that the plaintiff is entitled to discovery of his finances. Defendant has consented to furnish all of the requested data, with the exception of item (j) — the names and addresses of all clients of defendant’s law firm, from the following:
“any and all books, records, memoranda accountant’s worksheets, memoranda, cancelled checks, check statements, deposit slips, savings accounts, and all other documents of the law firm of Lotto, Stolowitz, Farr & Bass, Esqs., representing the receipt or disbursement of monies for the years 1977 to date, including but not limited to the following:
(a) Disbursement ledgers;
(b) Expense reimbursement ledgers;
(c) Checking accounts
(d) All records of partners’ draw
(e) Petty cash vouchers;
(f) Record of fees paid in cash;
(g) Record of escrow accounts;
(h) Cash receipts ledger;
(i) Cash receipts ledger for escrow accounts;
(j) The names and addresses of all clients;
(k) Escrow savings accounts;
(l) General ledger;
(m) All records of bonuses;
(n) Partnership agreements;
(o) Financial statements, including but not limited to profit and loss statements and balance sheets.”
Defendant, a partner in the said law firm, vigorously objects to furnishing the names and addresses of the law firm’s clients, on the grounds that it is unnecessary and it is improper in terms of the harm that could result to the firm and to its clients. Defendant is concerned that the privacy *855 of his clients and his partners’ clients will be invaded, and his law practice crippled and irreparably damaged. It is defendant’s contention that plaintiff demands unnecessary information and that giving plaintiff the names and addresses of all clients in defendant’s law firm is absolutely intolerable, and puts his clients, his partners, and himself at the mercy of plaintiff with all the apparent abuses inherent in such a situation. The plaintiff’s attorneys point out that such information is essential to it in terms of verification by spot checking. In other words, plaintiff seeks to contact the clients of defendant’s law firm and verify its fee arrangements.
Plaintiff alleges that there are apparently substantial personal and/or cash expenditures from defendant’s law firm for personal reasons, and that defendant appears to have substantial moneys in addition to his reported income, and claims that a full analysis cannot be done of defendant’s income without knowing the names and addresses of defendant’s clients in order to afford plaintiff a vehicle through which income shown on the firm’s books may be verified. It is apparent from the papers submitted that plaintiff seeks the “ability to test the accuracy of whatever documents are proffered by the defendant”. As defendant points out, this must be construed to mean that clients will be contacted directly and an inquiry made as to the amount of fee paid to the firm. Plaintiff does not deny this. Although plaintiff claims no interest in the nature of the matters that defendant’s law firm is handling, she does state she is interested in the source of moneys that the firm receives, so that an “accurate recapitulation of their profits and worth can be obtained” to evaluate the law firm for purposes of a distributive award or equitable distribution of the parties’ assets. In his affidavit in opposition to defendant’s cross motion for a protective order, plaintiff’s attorney states, “it is necessary to provide the plaintiff and myself, as her counsel, with the ability to insure the accuracy of the defendant’s documents and testimony and to further pursue issue of the firms’ receipt of fees. Absent the names and addresses of clients the plaintiff will be unable to test the accuracy of such information and to properly protect plaintiff’s interest.”
*856 Broad disclosure in cases involving equitable distribution or distributive awards under part B of section 236 of the Domestic Relations Law is imperative to proper preparation and an orderly trial. “In all matrimonial actions and proceedings in which alimony, maintenance or support is in issue * * * there shall be compulsory disclosure by both parties of their respective financial states. No showing of special circumstances shall be required before such disclosure is ordered.” (Domestic Relations Law, § 236, part B, subd 4.) Section 236 (part B, subd 5) of the Domestic Relations Law provides in pertinent part with respect to the equitable distribution of marital property that, “the court * * * shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment.” Section 236 (part B, subd 5, par e) of the Domestic Relations Law directs the court to make a distributive award in lieu of an equitable distribution of certain property when it is impractical or burdensome, or where the distribution of an interest in a business, corporation or profession would be contrary to law. A distributive award is a payment in lieu of or to supplement, facilitate or effectuate the division or distribution of property where authorized in a matrimonial action. (See Domestic Relations Law, § 236, part B, subd 1, par b.)
Regarding the scope of disclosure as it is governed by the CPLR the rule generally is that, except for certain specified exceptions, full disclosure of all evidence material and necessary in the prosecution or defense of an action is required (CPLR 3101, subd [a]). None of the specific exceptions contained in CPLR 3101 are claimed by the defendant in his cross motion for a protective order. Rather, defendant relies upon the court’s exercise of sound discertion in preventing abuse in order to prevent unreasonable annoyance, embarrassment or prejudice to any person. (See CPLR 3103, subd [a].)
It has generally been held that inasmuch as a client’s identity is not relevant to advice proffered by an attorney, such communication is not privileged. However, in certain circumstances an attorney cannot be compelled to reveal a client’s identity where the latter is not a party to the *857 pending litigation. (See Matter of Jacqueline F., 47 NY2d 215; Matter of Kaplan, 8 NY2d 214.)
From a purely procedural standpoint, there is no indication that a list of client’s names and addresses is available; if there is none, neither the defendant nor his law firm is under any obligation to prepare one. In any event, the taking of an oral deposition or a written deposition is the better procedure in order to properly identify documents in possession or control of the defendant, or his firm, which plaintiff seeks to discover, and to determine their materiality and necessity. (Rios v Donovan, 21 AD2d 409.) In this sense, plaintiff’s notice for discovery may be said to be premature, but even if it were not, the court would not grant its request as to item (j) of said notice.
In a matrimonial case discovery historically has been permitted with regard to the financial state of the parties, formerly in some instances upon a showing of special circumstances to warrant same (see Matter of Ohrstrom v Ohrstrom, 31 AD2d 797; Hunter v Hunter, 10 AD2d 291); whereas, in other instances discovery was directed unless there were shown circumstances which would render disclosure of a spouse’s financial condition improper. (Campbell v Campbell, 7 AD2d 1011.) It is of interest to note that some 20 years ago a husband’s position and present income and assets, and perhaps his prospective income, were deemed matters appropriate for exploration where a working wife, who helped her husband through professional school or the early years of professional growth, only to be displaced as the husband begins to reap the gains from a jointly invested foundation of savings, abstention and sacrifices. (Hunter v Hunter, supra.) The Court of Appeals in Plancher v Plancher (35 AD2d 417, affd 29 NY2d 880) held that since there were not shown circumstances which would render the disclosure of a spouse’s financial condition improper, the requested disclosure in that case served the objective of adequate preparation of the parties for trial and the orderly and expeditious conduct of the trial.
The rule may have shifted in time to allow a more liberal view, or broader scope of disclosure, but even the more liberal cases have maintained that not all requests for pre *858 trial discovery of finances would or should be granted “willy-nilly” in shotgun fashion without regard to the necessity or propriety of same, which in the appropriate case where circumstances still require it should be subjected to the safeguards residual to the judicial discretion contained in CPLR 3103 (subd [a]). (See Schaeffer v Schaeffer, 70 Misc 2d 1033.)
By its specific terms, part B of section 236 of the Domestic Relations Law does not require a showing of special circumstances before disclosure as to finances is ordered. However, part B of section 236 must be read in conjunction with CPLR 3101 and 3103.
The court is mindful of the decisions cited by the plaintiff under the equitable distribution law in the State of New Jersey regarding the evaluation of business and discovery regarding same. We are aware that counsel in their preparation for trial will necessarily consult checkbooks and other financial records and secure up-to-date appraisals of real estate and of business interests. (Rothman v Rothrmn, 65 NJ 219.) The matter of valuation of a business for purposes of equitable distribution is not dependent upon its form; the same principles and techniques apply whether the practice is conducted as a partnership or as a professional corporation. (Grayer v Grayer, 147 NJ Super 513.) For purposes of equitable distribution of the spouse’s interest in a law firm agreement between members of the firm as to the amount to be paid to the estate of a member upon death is presumptively reflective of the actual present value, provided that the fixed sum is periodically reviewed by members on the basis of accurate, reliable record-keeping. (Stern v Stern, 66 NJ 340; Grayer v Grayer, supra.)
In Stern v Stern (supra) we note that the issue in that case involved the manner in which the interest of the husband in his law firm was valued, and also the question of the amount of the distributive award. In terms of its application to the case at bar here, the court there, it might be noted, found generally that the monetary worth of a law firm will consist of the total value of the partners’ capital accounts, accounts receivables, value of work in progress, lany appreciation in the true worth of tangible personalty *859 over and above book value, together with good will. (See Stern v Stern, supra.)
In the case of a closely held corporation, or, as in the case at bar, a law firm, the only feasible method for valuing a spouse’s ownership interest for purposes of equitable distribution or distributive award lies in examination of a firm’s financial structure and condition and, if such an examination threatens legitimate interests of other members of the firm, or the entity itself,, or the clients of such firm, an appropriate protective order limiting disclosure of such information may be sought. (See Gerson v Gerson, 148 NJ Super 194.),
It seems clear that defendant is willing to co-operate in the discovery process so as to enable a proper evaluation of the business interest involved without requiring the firm to divulge to plaintiff the names and addresses of its clients. The discovery sought by the plaintiff with respect to its obtaining the names and addresses of the clients of defendant’s law firm can be highly prejudicial and harmful to the firm, and may prove embarrassing to the other members of the firm, none of whom are parties to the action here.
Plaintiff’s offer to have a referee appointed to assure that none of defendant’s clients will be harassed is not regarded by the court as a satisfactory solution to the problem presented.
Failing a showing of special circumstances and need, the request by the plaintiff for the names and addresses of all the clients of defendant’s firm is neither necessary, nor is it proper here in view of the discovery consented to by the defendant, and the purpose stated by the plaintiff for such item of discovery. Defendant’s cross motion for a protective order is granted.