463 A.2d 1196

Lee J. KLEINFELTER, Appellant,

v.

Mary M. KLEINFELTER.

Superior Court of Pennsylvania.

Submitted March 24, 1983.

Filed Aug. 5, 1983.

Arthur K. Dils, Harrisburg, for appellant.

Horace M. Ehrgood, York, for appellee.

Before CERCONE, President Judge, and CIRILLO, and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in its distribution of marital property. We disagree and, accordingly, affirm.

Appellant and appellee, his former wife, were married on October 23, 1971. A 1979 divorce action, amended to meet the no-fault requirements, was granted on grounds that the marriage was irretrievably broken. On April 21, 1981, a Master heard evidence and made recommendations on the parties' request for equitable distribution of property and alimony. After appellee excepted to the Master's recommendations, the lower court entered a decree of divorce fixing alimony and dividing property. This appeal followed.

Appellant challenges only the amount of money awarded appellee in the distribution of their marital property. The lower court may exercise its discretion in the equitable distribution of marital property, and its decision will not be disturbed on appeal absent an abuse of that discretion. *Gee v. Gee*, 314 Pa.Superior Ct. 31, 460 A.2d 358 (1983). *See* 23 P.S. § 401(d); *Bacchetta v. Bacchetta*, 498 Pa. 227, 445 A.3d 1194 (1982). *Accord, Remick v. Remick*, 310 Pa.Superior Ct. 23, 456 A.2d 163 (1983). A Master's report in a divorce action, while entitled to great consideration, is advisory only. *Herwig v. Herwig*, 279 Pa.Superior Ct. 65, 420 A.2d 746 (1980). The reviewing court "is not bound by [the report] and it does not come to the court with any authority which must be overcome." *Arcure v. Arcure*, 219 Pa.Superior Ct. 415, 416, 281 A.2d 694, 695 (1971).

Here, the master recommended that appellee receive $9,000, a hutch and a breakfast set, while appellant retain the jointly owned property, a car, a boat, household goods

and an IRS tax refund. The lower court increased the monetary award to $9,500. We cannot say that the lower court ignored the Master's recommendation or abused its discretion in making its determination. In fact, the final distribution indicates the strength of the lower court's reliance on the Master's report.[*]

Accordingly, we affirm the order of the lower court. Affirmed.

---

[*] Appellant incorrectly states that the Master recommended he pay appellee $6,100. The Master presumably felt that was the amount owed to appellee for the joint property, but increased the award to $9,000 to reflect the distribution of other property, specifically the car and the IRS refund. Appellant, with regard to those items, alleges that he gave appellee the car and that he failed to benefit from the IRS refund because it was returned. Therefore, he claims he should pay only $6,100.

The record indicates that the appellant was still in possession of the car in question and had received the IRS refund in full. (N.T. April 21, 1981 at 24, 29). We have no evidence before us other than appellant's allegation to contradict the record. Accordingly, we find no abuse of discretion in the lower court's including the value of these items in its distribution of the marital property.