**Rentsel v. Rentsel**

*Frank Martin,* for plaintiff.
*John Wills Beach,* for defendant.

SPICER, *P.J.,* June 11, 1984 — This is an equitable distribution case. The master found a checking account held in the husband's name alone was marital property. The husband excepts to this finding, contending that the account was acquired after separation and is excludable under 23 P.S. §401(e)(4). The master recommended that the wife receive 65 percent of the marital property as her share of equitable distribution and husband has also filed an exception to this recommendation.

We start by pointing out there are two lines of county court cases which interpret 23 P.S. §201(d)(1). That section gives spouses the right to unilaterally obtain divorce when the parties have lived separate and apart for a period in excess of three years. One line, including Meyerl v. Meyerl, 129 P.L.J. 397 (1981) and Amelio v. Amelio, 39 Lehigh L.J. 254, 18 D.&C.3d 673 (1981) holds that spouses sharing the same abode may qualify for a unilateral divorce.

The reasoning is impressive. Recognizing the difficulties of proof and the majority rule that requires separate housing, these opinions find social and economic justification for allowing spouses sharing roof coverage to obtain unilateral divorces.

The reasoning is, however, flawed if one considers the other view. A Chester County decision, Williams v. Williams, 31 Chester Co. Rep. 82 (1982) cites legislative history and the definition of "separate and apart" in concluding that the legislature clearly meant to exclude domicile sharing spouses from section 201(d)(1) relief.

It does seem to this court that the legislature went to extra pains to state that "separate and apart" means in different dwellings. The legislature did not use merely "separate" and stop. In adding "and apart", the body of solons indicated, in our view, that it meant different houses for different spouses.

However, the code excludes from marital property that which is obtained after separation. We do not think "separation" means the same as "separate and apart." Otherwise, the inclusion of "and apart" by the legislature would have been meaningless. This opinion runs contra to the holdings in Meyerl and others that "separate", "separation", and "separate and apart" all have the same meaning, essentially. We think the legislature set a less stringent standard for excluding property from marital property than for affording a party the right to a divorce.

Even so, the burden of showing the checking account to have been acquired after separation was on the defendant. Section 401(f). We have carefully reviewed the record and find defendant did not carry the burden.

Actually, it is difficult to find how the issue was even raised. When asked to explain why the checking account was separate property, defendant only said he held it in his name and that's why his wife had no claim on it. The master did not even discuss the issue. About all we can glean from the record is that the defendant was apparently evicted from the marital home for a short time but was allowed to move back. While the parties lived together, some time in 1979, 1980, or 1981, the wife brought an action for support and an order was entered. Thereafter, defendant began depositing his money in the checking account in question.

A support action need not be based upon a separation. A spouse cannot avoid his or her obligation to

provide support by sharing the marital domicile. Commonwealth ex. rel. Turner v. Turner, 192 Pa. Super. 502, 161 A.2d 922 (1960).

Husband has equated the support order with a separation. More is required.

Turning our attention to the recommended division, we note that the master considered the guidelines provided in the Divorce Code, 23 P.S. §401(d). While the report is advisory only, it should not be lightly disregarded. Kleinfelter v. Kleinfelter, ____ Pa. Super. ____, 463 A.2d 1196 (1983); Herwig v. Herwig, 279 Pa. Super. 65, 420 A.2d 746 (1980).

Defendant is correct that the starting point in equitable distribution is an equal distribution. Van Arsdale v. Van Arsdale, 24 Adams Co. L. J. 105 (1982). However, that does not mean that the ending point will also be equal distribution.

The parties, by private agreement adopted by the master, divided jointly held property equally. Items that were not jointly held included the following:

Held by plaintiff — car, valued at $1,400, checking account of $460, totaling $1,860.

Held by defendant — guns valued $150, credit union account of $7,000, 2 trucks valued at $4,400, checking account of $5,860, totaling $17,410.

The total of these two groups is $19,270. The master recommended that plaintiff receive $12,525.50 and defendant $6,744.50 of this, each amount to be added to the agreed upon distribution of jointly held property. This provided plaintiff with property valued at $37,980.50 and defendant $32,199.50.

The parties have been married 21 years. Their age, health, status in life, estates, liabilities, and needs are about the same. However, the husband's earnings are between three and four times those of

plaintiff's and his vocational skills and employability are greater.

Looking at the overall distribution, plaintiff is receiving 54 percent of the marital property and defendant 46 percent.

The court concludes that the distribution proposed by the master is equitable. The recommendations are, therefore, adopted.

## ORDER OF COURT

And now, this June 11, 1984, the exceptions are dismissed and the recommendations of the master are adopted by the court. Distribution is ordered in accordance therewith.