## Tardino v. Tardino

*William Bolla,* for plaintiff.
*Charles Conturso,* for defendant.

GARB, *P.J.,* October 3, 1984—Defendant has filed exceptions to the report of the permanent master wherein he recommended that the decree of divorce be granted. We have reviewed the entire record in this case together with the master's report and briefs submitted and determine that a decree of divorce should be granted.

Husband plaintiff seeks a divorce pursuant to §201(d) of the Divorce Code of 1980. The Act of April 2, 1980, P.L. 63, 26, §201, 23 P.S. §201(d). Therein it is provided that it shall be lawful for the court to grant a divorce where a party has filed a complaint and an affidavit alleging that the parties have lived separate and apart for a period of at least three years and that the marriage is irretrievably broken. Plaintiff filed such an affidavit as a result of which defendant wife filed a counter affidavit, albeit belatedly, denying that the parties have lived separate and apart for a period of at least three years and that the marriage is irretrievably broken. As a result of the affidavit and counter affidavit a hearing was held before the permanent master following which

he made findings that the parties had lived separate and apart for a period in excess of three years and that the marriage is irretrievably broken. Defendant excepts to these findings and also to the fact that the master refused to fix a second hearing for the purpose of presentation of two witnesses for defendant who failed to attend the hearing although neither was subpoenaed.

The parties were married on March 3, 1946 in Bagnola, Italy and in the course of their marriage parented three children. They separated in 1958 when the husband's father, with whom they were residing, asked them to find another living arrangement. Wife defendant then took up residence in her own home with the children. Shortly thereafter husband plaintiff established a residency with a woman named Barbara Norris and has continued residing with her up to the present time. At some point during these approximately 25 years, Barbara Norris assumed the name of Tardino and has continuously held herself out to the community as the wife of plaintiff. Plaintiff and Barbara have had three children who are now respectively 25, 21 and 15 years of age. They currently reside at 2799 Redgate Drive in Buckingham Township, Bucks County, Pa. in a home which was originally purchased in the name of a corporation of which the husband was the principal shareholder and which approximately five years ago was conveyed by that corporation to Barbara. Prior to that time plaintiff and Barbara resided in a dwelling house in Levittown which was held jointly in their names.

Over the course of the past 25 to 30 years plaintiff husband has visited with defendant on numerous occasions. In the early years it was primarily for the purpose of visiting with his children and subsequent to that it was obviously because of his interest

in seeing his wife. Some of the visits were for the purpose of his giving her support money. On some occasions he would eat meals prepared by his wife and sometimes he engaged in sexual relations with her. There were occasions when they went out together on "dates" and sometimes traveled to New York because their daughter was taking music lessons there. At no time did he move his personal belongings into that house nor did he, at any time, spend the entire night there. During that entire time he maintained an ongoing and serious relationship with Barbara cohabiting with her in the residences either co-owned by them or, most lately in a residence which he had effectively conveyed to her. To the eyes of the world they were living as husband and wife while at the same time plaintiff husband made every effort to keep whatever relationship he maintained with his wife covert.

Essentially the foregoing facts which we find from our review of the record were likewise found by the master. We find these facts as a result of our independent review of the file although we afford great consideration to the master's report, recognizing, however, that it is advisory only. Kleinfelter v. Kleinfelter, Pa. Super. 463 A.2d 1196 (1983).

We are satisfied that on this record it has been established that the parties hereto have lived separate and apart for a period in excess of three years and that the marriage is irretrievably broken. There is as yet little authority in the Commonwealth on the meaning of these terms. Section 104 of the Divorce Code defines "irretrievable breakdown" as "estrangement due to marital difficulties with no reasonable prospect of reconciliation." The same section defines "separate and apart" as "the complete cessation of any and all cohabitation." We are satis-

fied that this record establishes a complete cessation of any and all cohabitation and therefore that the parties were living separate and apart for a period in excess of three years. Further, there has been an irretrievable breakdown of the marriage as those terms are defined in §104.

We do not believe that the course of conduct of plaintiff in visiting with, dining with, dating, engaging in sexual relations on an occasional or haphazard basis rebuts the finding of living separate and apart. The mere fact that he may still have cared for his wife and been concerned for her and his children's welfare certainly does not derogate from the facts of the case which established that he was not cohabitating with her or that their marital relationship was irretrievably broken. In terms of the aspect of irretrievable breakdown of the marriage, it should be noted that on two prior occasions the husband instituted actions for divorce each of which was discontinued for financial reasons. To assert that the maintenance of an ongoing relationship between an estranged husband and wife, even including some isolated incidents of sexual relations, in some way creates a bar to divorce under this section, would encourage a party seeking a divorce to cut himself or herself off completely from the spouse which would militate against any and all possibility of reconciliation which is encouraged by the Divorce Code itself. See §102, 23 P.S. 102.

Although not binding on this court, we find that the reasoning and conclusion of Osborn v. Osborn, 25 D.&C. 3d 709 (1983) particularly compelling. Therein the court stated:

"We believe the sounder rule, consistent with the objectives of the Pennsylvania Legislature expressed in Section 102 of the Divorce Code that reconciliation be promoted and the law regarding dis-

solution of marriage be reflective of the realities of matrimonial experience, is "cohabitation" must be examined in light of the overall circumstances of the parties. We hold as a matter of law "cohabitation" means a mutual intention to resume the marital relationship as husband and wife. Isolated instances of sexual intercourse, sporadic visits together, and trips together does not establish cohabitation prohibiting divorce under Section 201(d) of the Divorce Code requiring the parties live separate and apart for three years prior to divorce."

See also Oatman v. Oatman, 25 D.&C. 3d 616 (1982). Here, regardless of the civilized and amicable relationship which plaintiff maintained with defendant over the past 25 or 30 years, it is abundantly clear that he never intended to resume the marital relationship with her. He never lived with her. As such, in light of all the facts in this case, we are satisfied that it has been established that they lived separate and apart for a period in excess of three years and that the marriage is irretrievably broken. In terms of the realities of marital experience, in this case it is apparent that plaintiff has maintained in all respects a marital relationship with Barbara for the past 25 or 30 years, they having created an entirely new family apart from the family created by the parties herein. As such we believe it would be absurd to conclude that plaintiff has continued to cohabit with defendant herein.

With regard to defendant's contention that the master should have permitted an additional hearing for the purpose of receiving the testimony of the two proffered witnesses, we believe that if there was error it was harmless. Although perhaps the master would have been well advised to have afforded defendant that indulgence, even if the evidence as proffered was admitted, it would have made no dif-

ference. The matters to which they would have testified were testified by defendant herself and for the most part those are facts which we find essentially on this record. Therefore, that evidence would only have been corrobative and we can see no reason for a remand for the purpose of hearing it at this time.

Accordingly, and based upon the foregoing, we will enter an order directing that a decree of divorce be entered on the grounds asserted and remand the matter back to the permanent master for the purpose of resolution of all pending claims for alimony, equitable distribution of property, counsel fees and expenses.

## ORDER

And now, this October 3, 1984, upon review of the record, the grounds for divorce are approved and the matter is determined to be ready for the resolution of all pending claims for alimony, equitable distribution of property, counsel fees and expenses.

The matter is remanded to the office of the permanent master in divorce for conference and hearing.