## Chalupa v. Chalupa

*Kenneth R. Williams,* for plaintiff.
*Craig B. Bluestein,* for defendant.

GARB, *P.J.,* December 19, 1984—The question for decision herein is whether a decree of divorce may be granted under and pursuant to §201(d) of the Divorce Code, the Act of April 2, 1980, P.L. 63, §201, 23 P.S. §201(d) where both parties occupied the same residence for some period of time during the period of three years during which plaintiff claimed that they lived separate and apart. The master concluded that such decree may be granted and recommended same in his report. As a matter of first impression in Bucks County, we agree with the master and therefore dismiss defendant's exceptions to the master's report.

Section 201(d) provides that it shall be lawful for the court to grant a divorce where the court determines "that the parties have lived separate and apart for a period of at least three years and that the marriage has irretrievably broken." Irretrievable breakdown is defined in §104 as "estrangement due

to marital difficulties with no reasonable prospect of reconciliation". "Separate and apart" is defined in §104 as "complete cessation of any and all cohabitation". The term cohabitation is not anywhere defined in the Divorce Code.

This question has never been decided by an appellate court in Pennsylvania. However, there is a divergence among the lower courts in this Commonwealth. In Williams v. Williams 31 Chester Co. R. 82 (1982), it was held that there was not a complete cessation of any and all cohabitation if the parties continued to occupy the same residence. However, in Amelio v. Amelio, 18 D. & C. 3d 673 (1981), it was held that under some circumstances and depending upon the facts of each individual case, parties occupying the same residence may, notwithstanding, be living separate and apart for purposes of the application of §201(d). In Meyerl v. Meyerl, 21 D. & C. 3d 729 (1981), Judge Wettick in Allegheny County extensively analyzed the cases from other jurisdictions, which were likewise divergent, but concluded that in terms of the application of the Pennsylvania Divorce Code, parties can be deemed to be living separate and apart for purposes of the application of §201 (d) although they occupy the same residence, depending upon the facts of each individual case.

"For the reasons set forth later, we hold that under certain circumstances the requirement of a 'complete cessation of any and all cohabitation' should be construed to permit a finding that persons have lived 'separate and apart' within the meaning of §201(d) during a period in which they resided in the same dwelling." Meyerl v. Meyerl, supra at page 733.

In determining, in general, what those factors are, Judge Wettick stated as follows:

"Also we question whether Pennsylvania will follow the case law upon which defendant relies because there are substantial reasons for giving the term 'cohabitation' a narrower meaning than that used in the majority of other states. The term 'cohabitation' must be construed to effect the objectives of the legislation (Citation omitted.) These objectives, enumerated in §102 of the Divorce Code, provide, inter alia, that it is the policy of the Commonwealth to '[m]ake the law for legal dissolution of marriage effective for dealing with the realities of matrimonial experience.' To effect this objective, we should not construe this legislation to give legal recognition to a marriage which all relevant evidence shows to have been dead for at least three years."

We subscribe to this rationale and legislative construction and believe that it is supported by the strict terms of the Divorce Code. Section 102 of the Divorce Code sets forth the legislative findings and intent and in §102(a) it is provided that it is declared to be the policy of the Commonwealth to make the law for legal dissolution of marriage effective for dealing with the realities of matrimonial experience. It should be noted that continued occupation of the same residence is not a bar to divorce in any of the other grounds set forth in §201 of the Divorce Code and specifically in §201(c) which provides for divorce where it is found that the marriage is irretrievably broken and 90 days have elapsed from the filing of the complaint and an affidavit by each of the parties evidencing that each consents to the divorce.

In this case the master found, based upon adequate and sufficient evidence on the record, that the parties were married in 1961 and resided together

as husband and wife until July of 1979. In July of 1979 the parties had an argument and thereafter stopped living together as husband and wife although they continued to occupy the same residence. After July of 1979 the parties slept in different parts of the home, all of the parties' finances were separated and any credit cards to which the wife had access from the husband were cancelled. Although husband paid the expenses of maintaining the house and purchased the food, the wife did not cook for him or take any meals with him although she did cook for the children of the parties who continued to live in the residence. The wife did not mend the husband's clothes, the parties did not go out socially or any other way together, they would not attend church and in general were totally estranged. The parties did not communicate with one another at all. The wife obtained her own telephone and expressed this state of marital discord and estrangement to her neighbors and friends.

The wife remained in the marital residence because she was unable to afford the establishment of another residence with her two children. Although she was employed herself, she did not feel that she had the economic wherewithall to leave and take her children with her and did not wish to leave them behind. She ultimately did remove from the residence and establish her own residence during the three year period after she was satisfied that the children were old enough to remain behind with their father.

Essentially we find the foregoing facts from our review of the record which we have made independently. We afford great consideration to the master's report but recognize that it is only advisory. Kleinfelter v. Kleinfelter, 317 Pa. Super. 282, 463 A.2d 1196 (1983).

From these facts we find it abundantly clear that the parties herein from July of 1979 maintained totally and entirely separate existences from one another. The wife plaintiff was adament that her differences with her husband were irreconcilable and that she did not wish any reconciliation or any counseling to attempt to affect it. Therefore, we are satisfied that she has demonstrated that the marriage is irretrievably broken. We are likewise satisfied that on these facts, the parties lived separate and apart for a period of at least three years.

We do not believe that our opinion in Tardino v. Tardino, as of A.O. 683-61162-D-15, (slip opinion entered October 3, 1984) is at variance with our determination herein. Therein, primarily in reliance upon Osborn v. Osborn, 25 D. & C. 3d 709 (1983) and Oatman v. Oatman, 25 D. & C. 3d 616 (1982), we held that parties can be found to be living separate and apart under §201(d) where they actually occupied separate residences but, on a casual basis, maintain some of the elements of marital relationships. See: Thomas v. Thomas, 335 Pa. Super. 41, 483 A.2d 945 (1984).

For the foregoing reasons we dismiss defendant's exceptions to the report of the master.

## ORDER

And now, this December 19, 1984 upon review of the record, the grounds for divorce are approved and the matter is determined to be ready for the resolution of all pending claims for alimony, equitable distribution of property, counsel fees and expenses.

The matter is remanded to the office of the permanent master in divorce for conference and hearing.