490 A.2d 1376

**Janet R. NOLDY, Appellant,**

v.

**Charles F. NOLDY, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 18, 1984.

Filed March 29, 1985.

---

Richard M. Goldberg, Wilkes-Barre, for appellant.

Paul A. Kelly, Montrose, for appellee.

Before WIEAND, DEL SOLE and POPOVICH, JJ.

WIEAND, Judge:

 Is a pending action by a wife for support from her husband rendered moot and subject to summary dismissal by the subsequent entry of a decree in divorce? We hold that it is not. A decree in divorce does not preclude the

recovery of support for the period intervening between the filing of the complaint in the support action and the entry of a decree in divorce.

Charles F. Noldy and Janet R. Noldy, husband and wife, were separated in April, 1982. A divorce action was commenced by Janet in Wyoming County on July 12, 1982. A separate action for support was commenced by Janet on September 30, 1982 in Wyoming County and thereafter certified to Susquehanna County, where Charles Noldy was residing. A hearing officer in Susquehanna County met with the parties and recommended an order of $150.00 per week. As permitted by local rule, Charles filed an appeal from the hearing officer's recommendation and requested a de novo hearing before the Court of Common Pleas. This hearing was scheduled for November 16, 1982. The record does not disclose that it was ever held.

The complaint in divorce pending in Wyoming County was amended on January 21, 1983 to include prayers for equitable distribution of marital property, alimony, counsel fees, and costs. A hearing before a Master was held on April 29, 1983, when the parties entered into an agreement and stipulation regarding the manner in which their marital property was to be divided. That agreement was silent regarding the support action then pending in Susquehanna County. On June 24, 1983, the court in Wyoming County entered a divorce decree which incorporated the agreement reached at the hearing before the Master.

The support action was set down for hearing in Susquehanna County on September 22, 1983. At that time, the court granted a defense motion to summarily dismiss the complaint. The sole reason given by the court for its summary dismissal of the action was the divorce decree entered in Wyoming County. Janet appealed.

■ She argues on appeal that she is entitled to be paid "arrearages" at the rate of $150.00 per week from the date of the hearing officer's recommendation until the date on which the decree in divorce was entered. This, however, is

an incorrect statement of the law. The recommendation made by the hearing officer was advisory only. Cf. *Kleinfelter v. Kleinfelter*, 317 Pa.Super. 282, 463 A.2d 1196 (1983). The record does not disclose that the recommendation was ever accepted by the court. No order was entered; the court merely ordered the support action to be set down for hearing on November 16, 1982.

■ It is equally clear, however, that the divorce decree is not a bar to appellant's action to recover support for the period prior to June 24, 1983, the date on which the parties were divorced. "The duty of spousal support ... arises out of the marital relationship itself and terminates when the marriage ends." *Remick v. Remick*, 310 Pa.Super. 23, 35, 456 A.2d 163, 169 (1983). Unless appellant released or forfeited her right of spousal support or was estopped from making a claim therefor, she was entitled to recover necessary support from the date of filing the complaint for support until the date on which the parties were divorced. When the trial court held that an action for such support was barred by the subsequent divorce decree, it fell into error.

The trial court's memorandum opinion discloses that its dismissal order was based on the divorce decree and not on the property settlement reached at the Master's hearing in Wyoming County. Our review of the transcript of that hearing, which has been made a part of the record in Susquehanna County, discloses that the matter of support was not then discussed. Not once was reference made to the action for support pending in Susquehanna County. It cannot be said as a matter of law from the present record, therefore, that the agreement to divide marital property was also intended to release appellee from spousal support for the period prior to entry of the decree.

Because the summary dismissal of appellant's complaint was improper, the order must be reversed. Appellant must be given an opportunity to prove a cause of action for spousal support for the period intervening between com-

mencement of the action and the date of the divorce which terminated her entitlement thereto.

Reversed and remanded for further proceedings. Jurisdiction is not retained.