147 N.J. Super. 513 (1977)
371 A.2d 753
SALLY GRAYER, PLAINTIFF-APPELLANT,
v.
FREDERICK R. GRAYER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 24, 1977.
Decided February 23, 1977.
*514 Before Judges FRITZ, ARD and PRESSLER.
Mr. George Warren argued the cause for the appellant (Messrs. Warren, Goldberg & Berman, attorneys).
*515 Mr. Richard E. Gehret argued the cause for the respondent (Messrs. Parker, McCay and Criscuolo, a professional corporation, attorneys).
The opinion of the court was delivered by PRESSLER, J.A.D.
In this matrimonial action a judgment of divorce was entered in favor of each of the parties against the other, dissolving their 6 1/2-year marriage on the ground of a separation exceeding 18 months. Plaintiff wife appeals from those portions of the final judgment dealing with alimony, child support and equitable distribution.
At the time of the marriage in December 1968 defendant husband, a member of the bar of this State, was a widower with two young children. A child of this marriage was born several years later. The apparent cause of the marital discord, which culminated in defendant's moving from the marital residence with the two children of his prior marriage early in 1973, was his dissatisfaction with the manner in which plaintiff was raising those children and his apparent belief that she treated them unacceptably disparately from the way she handled her own child.
The action had, in fact, been commenced by the wife's complaint seeking divorce on the ground of desertion, responded to by the husband's counterclaim seeking a divorce on the ground of cruelty. It was not until the end of the fifth day of trial that both parties sought and obtained leave to amend their respective pleadings in order to seek their respective divorces solely on the 18-month separation ground, not previously pleaded by either. Accordingly, much of the trial had been devoted to the grounds of divorce originally pleaded. Those proofs, to a large extent, are not relevant to the exclusively financial issues now before us, namely, the wife's contentions that the alimony allowed her was inadequate under all the circumstances, that the support allowed for the child of the marriage who remained in her custody was inadequate under all the circumstances, and that the equitable distribution judgment was based both on an improper *516 valuation of the marital assets and on the allocation to her of an inadequate share thereof.
Our careful review of this voluminous record persuades us that the findings of the trial judge did not constitute an adequate basis for his financial determinations and are, moreover, insufficient to enable us, by an exercise of original jurisdiction, to modify them.
There was substantial dispute below both as to defendant's actual income and the identity and valuation of the marital assets subject to distribution. As to income, the judge made no specific findings with respect thereto, noting only, in dealing with the question of alimony and child support, that he was taking into account
* * * not only the testimony of Mr. Grayer's present income, his past income, the facts that I have just awarded equitable distribution, the ages of the respective parties, the fact that the child is five years of age, the background of each of the parties, and all other aspects which the Court considers to be important and significant; but more importantly, the income of the parties * * *.
The factors so enumerated are all obviously relevant and significant. The problem, however, is that a mere recitation of these factors does not give them content. Consequently, we do not know what the judge concluded that defendant's income actually was or what the needs of the parties and the children actually were. This alone would justify, if not mandate, a reversal. As we said in Reiser v. Simon, 63 N.J. Super. 297 (App. Div. 1960):
* * * A trial judge must be explicit in his recital of the evidence and in his factual findings and must so correlate them to his legal conclusions that the amount of the judgment entered manifestly appears to be undergirded by legal proof of substantial probative value and by specific factual findings thereon. * * * [at 300-301]
Based simply on the enumeration of factors, the judge awarded plaintiff alimony in the amount of $150 a week and child support in the amount of $75 a week, sums we are *517 satisfied are considerably less than the voluntary alimony and support defendant was furnishing between the time of the parties' actual separation and the conclusion of the trial. We note in passing that there was no pendente lite order, and this for the obvious reason that the parties were able to work out a pendente lite arrangement to their mutual satisfaction. While that arrangement is hardly binding on the parties, it is not irrelevant either as to the question of defendant's ability or the question of plaintiff's needs and standard of living and those of the child in her custody.
Defendant practices law by way of a professional corporation of which he is a half-owner. The trial started in March 1975 and prior to the completion of the accounting work preparatory to the filing of the 1974 income tax return of either the defendant personally or the professional corporation. The parties therefore relied on defendant's 1973 reported income, defendant not disputing the fact that his 1974 income was approximately the same as it had been the year before. In 1973 defendant reported salary from the professional corporation of almost $49,000 and interest and dividend income from various investments in the amount of $4,400. As against that gross, his federal income tax liability and FICA contributions were approximately $11,000. In addition to this net of approximately $42,000, he receives on behalf of the two children of his first marriage Social Security survivor benefits (not, of course, subject to tax), in the amount of approximately $4,000. He thus has a basic spendable income for himself and the two children of the first marriage of some $46,000. There was, moreover, considerable testimony from both parties regarding valuable fringe benefits enjoyed by the husband by virtue of his interest in the professional corporation, including the use of an automobile and the total cost of maintaining and operating it, substantial entertainment paid by the corporation, including season tickets for professional football team, and payment by the corporation of all medical expenses and life insurance *518 protection.[1] Defendant's law partner, furthermore, is the owner of a travel agency which provides defendant and guests of his choosing with several annual expense-paid vacations to foreign resorts. Finally, plaintiff testified at great length as to the availability to the parties during the time they lived together of substantial amounts of additional cash which, she claimed, when combined with defendant's reported income and fringe benefits, enabled them to enjoy a standard of living substantially more luxurious than the income tax figures would suggest.
Considering only the undisputed income of defendant, we are satisfied that support for the now six-year-old child of the marriage in the amount of $75 a week, even with the ordered extras of medical insurance coverage, payment of extraordinary medical and dental bills, and the cost of a religious education, is patently inadequate. We cannot say how inadequate absent a finding of what, even on an approximate basis, defendant's actual and effective income is. Nor, in the absence of that finding, can we make a determination as to whether the alimony award was adequate. The trial judge must now make not only that express finding but also express findings as to the parties' respective needs and reasonable financial expectations. Based on those findings it must then redetermine the alimony and child or support issues. See, generally, Khalaf v. Khalaf, 58 N.J. 63, 67-72 (1971); Martindell v. Martindell, 21 N.J. 341, 352 (1956); Greenberg v. Greenberg, 126 N.J. Super. 96, 100 (App. Div. 1973); Paragian v. Paragian, 48 N.J. Super. 207, 214-215 (Juv. & Dom. Rel. Ct. 1957).
We have similar problems in reviewing the trial judge's determination of equitable distribution. We are satisfied that but for the professional corporation, the judge's determinations *519 as to which of the assets were distributable marital assets and what their value was were fairly based on the record. We have difficulty, however, in determining what his intentions were in making the allocation of these assets. He allowed plaintiff the sum of $25,000 as and for equitable distribution, noting, however, that the total value of the assets deemed distributable was $75,000. His arithmetical computation, however, was incorrect. The correct total of the individual values which he attributed to those assets is, in fact, over $90,000. It would appear that the judge's fixing of $25,000 as plaintiff's equitable share may have been based, but not necessarily so, upon an underlying determination that considering all of the relevant factors indicated by Rothman v. Rothman, 65 N.J. 219 (1974); Painter v. Painter, 65 N.J. 196 (1974) and Chalmers v. Chalmers, 65 N.J. 186 (1974), allocation of one-third of the total distributable assets to the wife was equitable. In view of the length of the marriage, its even shorter period of viability, and its overall quality, such a determination might well be reasonable. We cannot be sure, however, that that is the determination intended. If it were, however, plaintiff, because of the mathematical error, did not receive what the judge intended her to receive. If there was any other factual basis for the allocation, it was not expressed by the judge and we do not perceive what it may have been.
The equitable distribution problem is further compounded by the professional corporation's value. Initially, the judge held that defendant's share thereof was not distributable. On further argument, however, he concluded that it was. Without making a finding as to its value or the total value of defendant's interest therein he merely allocated the sum of $3,000 as plaintiff's distributable share. There does not appear to be a basis in the record for that determination. Defendant and his present stockholder began their law practice as a partnership prior to the marriage, converting the partnership into a professional corporation after the marriage. The value of the asset, therefore, in *520 terms of equitable distribution, is the appreciation in the value of defendant's interest in the firm during the course of the marriage and, more particularly, the difference in value as between the date of the marriage and the date of filing of the complaint. See Scherzer v. Scherzer, 136 N.J. Super. 397 (App. Div. 1975), certif. den. 69 N.J. 391 (1976).
We are satisfied that the manner of valuation of a law practice is not dependent upon its form and hence that the same principles and techniques of valuation apply whether the practice is conducted as a partnership or as a professional corporation. Stern v. Stern, 66 N.J. 340 (1975), is instructive as to the appropriate valuation techniques. As therein indicated, the updated and current agreement between the partners, if any, as to the amount which would be payable to the estate of each of the partners upon his death in full satisfaction of his interest in the practice is presumptively reflective of the actual present value of the interest of each in the firm. The evidence below indicates that not long prior to the marriage defendant and his partner did have such an agreement, funded by insurance and providing that defendant's estate would be entitled, in the event of his death, to the sum of $50,000. In the absence of other proof, that plus the value of defendant's capital account at that time could fairly be taken to represent the value of his interest as of the date of the marriage. We note, however, that the court in Stern was satisfied that such an agreement produces a presumptively accurate result only if the fixed sum payable is periodically reviewed by the partners on the basis of accurate, reliable record-keeping. The problem here is that defendant and his partner did not apparently at any time since their original partnership agreement reconsider and review this question, although defendant's increased income would suggest an increased value of his interest. That being so, there remains no easy way or ready formula for determining the value of defendant's interest as of the date the complaint was filed. The value of defendant's interest *521 in the professional corporation will, accordingly, have to be valued by way of the alternative technique suggested by Stern, namely, a determination of the value of defendant's interest in the capital assets of the professional corporation plus a determination of his share of its accounts receivable, the value of work in progress, the appreciation of tangible personalty over and above book value, and good will, if any, diminished by accounts payable and liabilities. See Stern, supra, 66 N.J. at 346-347.
The parties, of course, have an obligation to fully cooperate with the court in its task of fairly determining asset value. Rothman v. Rothman, 65 N.J. 219, 232-233 (1974). That task must now be performed, and the parties are, of course, free to introduce whatever additional proofs they deem appropriate relative to that issue. Upon the judge's determination of the distributable value of the professional corporation, that is, the difference between the value of defendant's interest in the partnership as of the date of the marriage and the value of his interest in the professional corporation as of the date of the filing of the complaint, he should then make his finding as to the totality of the value of all distributable marital assets. On the basis thereof, and with express consideration of the relevant factors enumerated in Painter v. Painter, supra, including, for example, a consideration of the value of the separate property of each, the judge should then redetermine the amount allocable to plaintiff by way of equitable distribution.
Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] We observe that the judgment makes no provision for life insurance protection for plaintiff or the child of the marriage in the event of defendant's death at a time prior to the termination of his obligation to contribute to their respective support.