In re the Marriage of James J. CRONIN, Petitioner, Respondent,

v.

Sandra Lee CRONIN, Appellant.

No. C7–85–533.

Court of Appeals of Minnesota.

Aug. 13, 1985.

Review Denied Oct. 11, 1985.

Robert L. Bach, Felhaber, Larson, Fenlon & Vogt, P.A., St. Paul, for respondent.

Sandra Lee Cronin, pro se.

Considered and decided by LESLIE, P.J., and FOLEY and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Both Sandra and James Cronin appeal a judgment and decree entered in their dissolution action. Sandra disputes the trial court's property division. Both parties dispute the trial court's maintenance award. We affirm and remand for entry of an amended judgment changing the date on which maintenance is to commence to January 1, 1985.

## FACTS

Sandra and James Cronin were married in 1962. During their 22-year marriage, they had four children, two of whom are still minors. James was granted custody of both minor children. Sandra was 45 at the time of the dissolution trial and James was 46.

James is an attorney and the owner of 50 shares of the outstanding stock in a law firm. During most of the parties' marriage, Sandra was a full-time homemaker. In 1981, she received a certificate in interior design at the University of Minnesota. Since then, Sandra has held several part-time sales positions in home furnishing stores.

After a two-day trial, the court issued its judgment and decree on December 27, 1984. The trial court made the following division and award of the parties' marital property:

| James Cronin | | Sandra Cronin | |
|---|---|---|---|
| 50 shares of stock in law firm | $ 16,656.50 | Homestead | $105,000.00 |
| Pension | 126,754.89 | Publicly held stock | 15,000.00 |
| | | Other stock | 170.00 |
| 1/2 of Phillips Motel stock | (unknown) | 1/2 of Phillips Motel stock | (unknown) |
| 1979 Oldsmobile | 3,500.00 | Household goods | 3,000.00 |
| | | Bank accounts | 1,925.00 |
| Subtotal | $146,911.39 | | $125,095.00 |
| | − 10,900.00 | | + 10,900.00 |
| TOTAL | $136,011.39 | | $135,995.00 |

In order to balance out the division of assets, the trial court awarded Sandra $10,900 in cash and ordered James to satisfy this award by paying Sandra $550 per month for twenty months commencing January 1, 1985.

In the dissolution decree, the trial court awarded Sandra maintenance of $500 per month for one year commencing January 1, 1987, and $400 per month for the following year.

On March 22, 1985, while a motion by Sandra for an amended decree was pending in the trial court, Sandra filed this appeal from the original decree. The trial court issued an order in response to Sandra's motion on April 10, 1985. That order, among other things, noted that there was a typographical error in the original decree. The trial court stated that the original decree should have directed James to pay spousal maintenance of $500 per month from January 1, *1985* (not *1987*) through December 31, 1987, and $400 per month for 1988. Accordingly, the court vacated and amended the original decree to reflect the correct year for the commencement of maintenance and it ordered James to pay any past due payments.

Subsequently, James filed a notice of review in this court and contests the trial court's maintenance award.

## ISSUES

1. Did the trial court err or abuse its discretion in its division of the parties' property?

2. Did the trial court abuse its discretion in its maintenance award to appellant?

3. Did the trial court abuse its discretion in its award of attorney's fees?

## ANALYSIS

### I.

Sandra attacks the trial court's property division on several grounds.

■ Initially, we note that since neither party provided us with a transcript of the dissolution trial, our scope of review is limited to whether the trial court made any errors of law based on the facts as the trial court found them to be. *See Graham Investment Co. v. Grouse*, 369 N.W.2d 342, 343 (Minn.Ct.App.1985); *Appollo v. Reynolds*, 364 N.W.2d 422, 424 (Minn.Ct.App. 1985).

### Pension Plan

Sandra contends that the trial court erroneously awarded James the full value of his pension benefits. She suggests that, in order to account for her value as a homemaker, she should receive one-half of the value of James' pension benefits.

■ A trial court has broad discretion in dividing property upon dissolution of a marriage. *Miller v. Miller*, 352 N.W.2d 738, 741–42 (Minn.1984). An equal division of wealth accumulated through the joint efforts of two parties is appropriate when a long-term marriage is dissolved. *Id.* at 742.

■ In the trial court's thorough and complete findings and conclusions, it awarded approximately one-half of the marital property to each party. This award recognized Sandra's substantial contribution to the parties' acquisition of income and property during their twenty-two years of marriage. While James was awarded the full value of his pension benefits, Sandra was awarded other property of comparable value. We find no abuse of discretion here.

### Homestead

■ Sandra also argues that the trial court erroneously determined the marital value of the homestead. She asserts that her parents gave her $10,000 as a downpayment for the first home that she and James bought. Subsequently, the parties used the proceeds from the sale of the first home to purchase the current homestead. Sandra contends that the marital property value of the homestead should be reduced by the value of her nonmarital interest which arose from her parents' $10,000 gift.

In order to establish that the $10,000 gift is nonmarital property, Sandra had to prove that her parents made the gift to her alone, not to her and James. Minn.Stat. § 518.54, subd. 5 (1982). The trial court determined that Sandra failed to satisfy this burden of proof, since the record reflected that Sandra's parents made numerous gifts to the parties jointly and there was no evidence that the $10,000 gift was any different than the other gifts. Based on the record before us, we cannot say that the trial court erroneously determined the marital value of the homestead.

### Phillips Motel Stock

■ Sandra also contends that the trial court erroneously split the Phillips Motel stock between the two parties. At trial, the parties stipulated that the Phillips Motel stock was acquired as a gift from Sandra's parents. Sandra alleges that she was coerced by her trial attorney into agreeing to the stipulation, and that there was never an actual transfer of the stock certificates to the parties. She asserts that her parents are still the owners of the stock and that they intend to leave the stock to her as part of her inheritance from them.

Sandra's argument is baseless. The Phillips Motel corporate records which are in the court record indicate that Sandra and James are the joint owners of 830 shares of Phillips Motel stock. There is no evidence that shows otherwise.

**Law Firm Stock**

■ Sandra also contends that the trial court erroneously determined the value of James' law firm stock. The trial court's decision on the value of assets will be affirmed if it has an acceptable basis in fact and principle. *See Castonguay v. Castonguay*, 306 N.W.2d 143, 147 (Minn.1981). The trial court determined the value of the stock based on the book value formula set forth in the law firm's bylaws, testimony from the controller of the law firm, and evidence of the law firm's recent purchase of the stock held by two of the founding members. Based on the record before us, we find that the valuation of the law firm stock was proper.

**II.**

Both parties challenge the trial court's maintenance award.

James argues first that the trial court lacked jurisdiction to amend the original judgment and correct the typographical error it found, since Sandra filed her appeal before the trial court issued its April 10 order.

■ Minnesota Rule of Civil Procedure 60.01 provides that during the pendency of an appeal, a trial court may correct clerical mistakes with leave of the appellate court. Here, no leave was sought. Hence, the trial court's April 10 order had no effect because jurisdiction shifted from the trial court to the court of appeals once the appeal was perfected on March 22. *See Brzinski v. Frederickson*, 365 N.W.2d 291, 292 (Minn.Ct.App.1985). In this particular case, we recognize notice of the typographical error in the original judgment and decree and we remand to the trial court for entry of an amended judgment consistent with the trial court's April 10, 1985 order.

Both James and Sandra argue that the trial court abused its discretion in its maintenance award of $500 per month for the years 1985–1987 and $400 per month for the year 1988.

■ A trial court's determination of the amount and duration of spousal maintenance is final unless the court abused its wide discretion. *Erlandson v. Erlandson*, 318 N.W.2d 36, 38 (Minn.1982). On review, the trial court's discretion must be examined in light of Minn.Stat. § 518.552 (1982). *Id.*

■ Section 518.552 allows a court to award spousal maintenance if the court finds that the spouse seeking maintenance lacks sufficient property to provide for her reasonable needs, and she is unable to adequately support herself. Minn.Stat. § 518.-552, subd. 1 (1982). In determining the amount and duration of the maintenance award, the court is required to consider the factors set forth in Minn.Stat. § 518.552, subd. 2 (1982). When applying these factors, a court must balance the financial needs of Sandra and her ability to meet those needs against James' financial condition. *Erlandson*, 318 N.W.2d at 39–40.

■ The trial court justified its maintenance award on the basis that Sandra spent most of her married life as a homemaker and she has had only a few part-time sales positions. Sandra was unemployed at the time of the dissolution trial, but she was earning approximately $5.60 per hour in a sales position at the time of this appeal. (Her total income from this position is not ascertainable from the record.) The trial court also acknowledged Sandra's interest in pursuing her bachelor's degree in interior design and determined that employment in that field would allow Sandra to support herself. The trial court concluded that an award of maintenance for four years would afford Sandra enough time to obtain her bachelor's degree and seek employment in the field of interior design. The court also concluded that James earned a substantial income and had the ability to meet his own needs as well as assist Sandra with her financial needs.

The trial court's award of maintenance is not an abuse of discretion. We think that the trial court attempted to balance and distribute the financial burdens of the dissolution as fairly as possible.

### III.

The trial court awarded Sandra $2,500 for attorney's fees in the final judgment and decree. Sandra seeks additional attorney's fees.

Minn.Stat. § 518.14 (1982) provides that a court in a dissolution proceeding may award attorney's fees to either of the parties. A court's award of attorney's fees will not be disturbed on appeal absent a clear abuse of discretion. *Heard v. Heard,* 353 N.W.2d 157, 162 (Minn.Ct.App.1984). We find no such abuse here.

### DECISION

The trial court did not err or abuse its discretion in its division of the parties' property or in its award of maintenance and attorney's fees.

Affirmed and remanded for entry of an amended judgment changing the date on which maintenance is to commence to January 1, 1985.