515 A.2d 917

**Ceasar Francis BENSON**

v.

**Georgiane L. BENSON, Appellant.**

Superior Court of Pennsylvania.

Argued March 25, 1986.

Filed Aug. 20, 1986.

Reargument Denied Oct. 14, 1986.

Toni M. Cherry, DuBois, for appellant.

Dwight L. Koerber, Jr., Clearfield, for appellee.

Before ROWLEY, WIEAND and DEL SOLE, JJ.

DEL SOLE, Judge:

Appellant (wife) appeals from the final decree issued by the trial court on matters of equitable distribution and counsel fees, which followed the entry of a bifurcated divorce.

Prior to a discussion of the issues raised by Appellant we must first address a procedural matter which Appellee (husband) argues results in a waiver of all claims wife seeks to pursue on appeal. A brief look at the procedural background of this case is necessary to examine this waiver claim.

A divorce decree was entered on the consent of both parties in June of 1983, while the court reserved jurisdiction over the remaining economic issues. A master, who was appointed to hear these remaining issues, held a hearing and in November of 1984 issued a report and proposed order. Wife apparently satisfied with the report and proposed order, filed no exceptions. Exceptions were, however, filed by husband. Thereafter, the court was presented with memoranda, briefs and argument on husband's

exceptions. On August 2, 1985, the court issued a memorandum and the following decree:

Now, this 2nd day of August, 1985, the exceptions of the (husband) are dismissed and the recommendations of the master are adopted by the Court, with the exception that (husband) is not ordered to pay any portion of the (wife's) counsel fees. Record costs, including masters fees, are to be paid equally by both parties. Distribution of the marital property is ordered in accordance with the masters recommendations except that the portion of the (husband's) Tier II pension benefit to be paid to the (wife) is set at 37.5%. Said amount to be paid to (wife) monthly, directly from the Railroad Retirement Board beginning in the month of September, 1985, and continuing for as long as Plaintiff remains eligible to receive his Tier II benefits. It is ordered that the one hundred dollar ($100.00) per month credit to be given to the (husband) based on the (wife's) occupancy of the marital home, which is to be deducted from the (wife's) share of the net proceeds from the sale of the home is to be calculated as commencing with the month of November, 1982. The sale of the home is to be carried out as soon as possible.

Appellant then filed this appeal asserting the court erred in its selection of dates for the commencement of her share of pension benefits, and for the commencement of her rental payment obligations. She also alleges the court erred in denying her attorney fees.

Husband contends wife's failure to file exceptions to either the master's report or the court's final decree constitutes a waiver and precludes wife from seeking judicial review of the merits of this case.

■ We hold no exceptions need be filed to preserve for appeal issues which claim the trial court erred when, in response to the opposing party's exceptions, it entered a final decree which altered the terms of the master's report and proposed order.

Rule of Civil Procedure 1920.55 provides support for this ruling. It states:

(a) Within ten days after notice of the filing of the master's report has been mailed, exceptions may be filed by any party to the report or any part thereof, to rulings on objections to evidence, to statements or findings of fact, to conclusions of law, or to any other matters occurring during the hearing. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters.

(b) If no exceptions are filed to the master's report within the ten-day period, the court shall review the report and if approved shall enter a final decree.

(c) If exceptions are filed, the court shall hear argument on the exceptions and enter an appropriate final decree. No Motion for Post-Trial Relief may be filed to the final decree.

Pa.R.C.P., Rule 1920.55, 42 Pa.C.S.A.

■ This rule requires a party who is dissatisfied with a master's report to file exceptions to the report, or waive any such objections. On the other hand, logic dictates that a party who is satisfied with the report need not except to it. When the trial court alters the terms of the report in response to the opposing party's exceptions, Rule 1920.55(c) provides no motions for post-trial relief may be made. Accordingly, the only occasion to raise objections to this final decree is through a direct appeal, and any issues which claim the court's ruling was erroneous are preserved because they are raised at the first available opportunity.

■ Appellant's first claim is waived under the above analysis because the trial court in establishing a date for the commencement of her share of husband's pension benefits did not alter the recommendations of the master's report. On appeal, Appellant asserts these payments should be made retroactive to September 1983, in accordance with the 1983 Amendment to the Railroad Retirement Act, and not commence in September of 1985 as ordered by the trial court. The master's report, however, did not

suggest the payments should be made retroactive. In fact the report and proposed order suggest the payments will be prospective and take effect at the time the order becomes final. The report states: "Plaintiff's Tier II benefit is $470.72 per month and the Master recommends that $180.00 of this amount be paid directly to the Defendant from the Railroad Retirement Board as long as Plaintiff remains eligible to receive his Tier II benefits." The proposed order reads: "The Railroad Retirement Board is directed to pay the amount of $180.00 per month of Plaintiff's Tier II Railroad Retirement directly to the Defendant so long as Plainiff remains eligible to receive this benefit." We read these terms as making payment due upon signing the order. They do not provide for any back payments. The trial court order dated August 2, 1985 does not provide for retroactive payments, and is consistent with the terms of the proposed order. If Appellant was unsatisfied with these terms she should have filed an exception to the master's report.

The remaining two issues are preserved because they have been raised at the first available opportunity.

The first concerns the trial court's choice of a date when Appellant shall become responsible for $100.00 monthly rental payments. In response to husband's exceptions the trial court ordered that such payments were to be calculated commencing with the month of November 1982, the date the wife began to receive mortgage payments from husband under a court order. In contrast the master's report and proposed order did not reflect this retroactive payment. Appellant's objection to this calculation is therefore preserved for our review.

In considering Appellant's allegation of error we are mindful that a trial court may exercise its discretion in equitable distribution of marital property and this decision will not be disrturbed on appeal absent an abuse of discretion. *Kleinfelter v. Kleinfelter*, 317 Pa.Super. 282, 463 A.2d 1196 (1983). The order in question coincides Appel-

lant's responsibility for monthly rental payments, with the date husband began making monthly payments to wife to preserve the marital estate. We do not perceive this decision to be an abuse of discretion.

■ Likewise we cannot say the trial court erred in refusing to award wife counsel fees. A determination to deny or award counsel fees is to be made on a case by case basis after analyzing all relevant factors including the party's ability to pay, the separate financial situation of the opposing party, and the character, situation and surroundings of both parties. *Dech v. Dech,* 342 Pa.Super. 17, 492 A.2d 41 (1985). Reasonable fees are to be paid when such will promote the administration of fair and impartial justice by placing the parties seeking a divorce on par in defending their rights. *Wechsler v. Wechsler,* 242 Pa.Super. 356, 363 A.2d 1037 (1976). Further, an abuse of discretion standard of review applies to the court's action concerning counsel fees. *Ruth v. Ruth,* 316 Pa.Super. 282, 462 A.2d 1351 (1983).

■ The record indicates the master made a recommendation that counsel fees be awarded based on husband's dilatory conduct which resulted in wife incurring additional legal expenses. The trial court remarked it was not "prepared to say that the (husband) was considerably more uncooperative than the (wife)". The court stated: "We note that several continuances were granted at the (wife's) request, that she refused to cooperate in acquiring an appraisal of the jointly owned home, and was clearly contradictory and uncooperative in revealing her true income." The trial court concluded neither the economic situation of either party, nor the equities of the case supported an award of counsel fees. This decision was based upon equitable consideration of the facts in the record, and was not an abuse of discretion.

Order affirmed.