542 A.2d 65

**Werner A. BUCKL, Appellee,**

v.

**Sally A. BUCKL, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 16, 1987.

Filed April 6, 1988.

Reargument Denied May 25, 1988.

James R. Fiorentino, Bethlehem, for appellant.

Norman Seidel, Easton, for appellee.

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, DEL SOLE, MONTEMURO, TAMILIA, KELLY, POPOVICH and JOHNSON, JJ.

CAVANAUGH, Judge:

The primary issue in this case is whether the interest of a spouse in a partnership acquired after marriage is marital property subject to equitable distribution under the Divorce Code, 23 Pa.S. 101 et seq. In this case, Werner A. Buckl, the appellee herein, and Sally A. Buckl, the appellant herein, were married on January 2, 1964 and separated in September, 1983. Mr. Buckl is a licensed professional architect and has been a member of a partnership known as Buckl and Jankowski Architects since 1971.[1] Sally A. Buckl is the sole owner of a business known as Greenskeepers, Ltd.

In December, 1983, Mr. Buckl filed a complaint in divorce against his spouse and a decree in divorce was entered in April, 1984. Subsequently, the court appointed Christopher T. Spadoni, Esq. to hear testimony and make recommendations to the court concerning equitable distribution of marital property, counsel fees, alimony and support. The master conducted lengthy hearings and filed a comprehensive master's report in which he found *inter alia* that the husband's partnership interest in Buckl and Jankowski Architects was marital property subject to equitable distribution. He found the value of the appellee's interest in the firm to be $86,992.00.[2] The master also valued Mrs. Buckl's business, Greenskeepers, Ltd., at $1,000.00. He recommended that the appellee's partnership interest in Buckl and Jankowski Architects and the appellant's interest in Greenskeepers, Ltd. be divided equally between the spouses.

1. Mr. Buckl has a fifty percent interest in the partnership although the written partnership agreement, if any, was not introduced into evidence.

2. The master considered various factors in arriving at his valuation of the appellee's interest in the firm. The master stated:
   The most troubling determination to the Master is the valuation of the Plaintiff's interest in this architectural practice, and based upon the above, the Master would respectfully suggest that the valuation be found via a valuation of assets of the practice i.e. cash, equipment, accounts receivable, notes payable, etc. and additionally, good will. *No such evidence was presented in the case at bar.* (Emphasis in original).

Both the appellant and the appellee filed exceptions to the master's report. The wife's two exceptions were dismissed and the husband's exceptions were sustained in part and dismissed in part. The court below sustained the husband's exceptions to the master's findings that his interest in the professional partnership was a marital asset and to the finding that the good will of the partnership had value. The court also sustained the exception to the master's admission of testimony of expert witnesses called on behalf of the wife. Sally Buckl filed an appeal to this court. Werner Buckl also filed a cross-appeal which was subsequently discontinued. Husband contends that the appellant's exceptions to the master's report did not contest the percentages recommended by the master in his proposed division of the marital property and challenged neither the master's finding that the appellee's interest in the partnership was marital property, nor the evaluation of the marital property. The objections raised by the appellant on appeal have not been waived.

The decree of equitable distribution entered in the court below modified the percentages recommended by the master and did not accept the master's finding that appellee's interest in the partnership was marital property. The appellant's arguments on appeal raise issues involving the modifications to the master's report which were made by the court below. As this court stated in *Benson v. Benson,* 357 Pa.Super. 166, 169, 170, 515 A.2d 917, 918, 919 (1986):

> [N]o exceptions need be filed to preserve for appeal issues which claim the trial court erred when, in response to the opposing party's exceptions, it entered a final decree which altered the terms of the master's report and proposed order.
>
> .        .        .        .        .        .        .
>
> This rule requires a party who is dissatisfied with a master's report to file exceptions to the report, or waive any such objections. On the other hand, logic dictates that a party who is satisfied with the report need not except to it. When the trial court alters the terms of the

report in response to the opposing party's exceptions, Rule 1920.55(c) provides no motions for post-trial relief may be made. Accordingly, the only occasion to raise objections to this final decree is through a direct appeal, and any issues which claim the court's ruling was erroneous are preserved because they are raised at the first available opportunity.

The appellant's failure to file exceptions to the percentages which were proposed by the master and the master's determination that appellee's interest in the partnership was marital property, does not result in waiver.

■ The court below determined that the husband's "partnership interest in his architectural firm was not marital property." We find this conclusion to be erroneous.[3] The Divorce Code defines marital property as "all property acquired by either party during the marriage" subject to exceptions not here relevant. 23 Pa.S. § 401(e). Further, the Code presumes that all property, of any nature, acquired during marriage is marital property. *Braderman v. Braderman*, 339 Pa.Super. 185, 488 A.2d 613 (1985). An interest in a partnership is a property interest as a partnership is an association of persons to carry on a business as co-owners. *Uniform Partnership Act*, 59 Pa.C.S. § 311. The indispensible requisites of a partnership are the co-ownership of a business and the sharing of profits. *Provident Trust Company of Philadelphia v. Rankin*, 333 Pa. 412, 5 A.2d 214 (1939); *Northampton Brewery Corp. v. Lande*, 138 Pa.Super. 235, 10 A.2d 583 (1940); *Tax Review Board v. Lou Green, Inc.*, 409 Pa. 448, 187 A.2d 572 (1963).

Distribution of marital property is within the sound discretion of the hearing court and we will not interfere with

3. The court below stated at slip opinion, page 4:
   Since no evidence was presented on the value of partnership assets at time of separation other than past earnings of the architectural firm, we conclude that the business has no value other than the earning capacities of the members of the firm, which is attributable to their professional licenses.
   The above overlooks the fact that the appellee admitted that the partnership had a book value of $22,000.00. (Plaintiff's exceptions to master's report.)

its determination in the absence of a clear abuse of discretion. *Ruth v. Ruth,* 316 Pa.Super. 282, 462 A.2d 1351 (1983). Our scope of review is limited to determining whether there is an abuse of discretion in making equitable distribution. *Winters v. Winters,* 355 Pa.Super. 64, 512 A.2d 1211 (1986); *Taylor v. Taylor,* 345 Pa.Super. 184, 497 A.2d 1365 (1985). An abuse of discretion occurs if the trial court misapplies the law. *Campbell v. Campbell,* 357 Pa.Super. 483, 516 A.2d 363 (1986). In our opinion, the court below abused its discretion in determining that the husband's partnership interest was not marital property.

While no appellate court in Pennsylvania has expressly ruled that an interest in a partnership is marital property subject to equitable distribution, we noted in *Semasek v. Semasek,* 331 Pa.Super. 1, 479 A.2d 1047 (1984) that a wife's interference with her husband's legal practice was an intentional dissipation of marital property. This impliedly recognizes that a law practice is marital property and the interest in a professional architectural firm conducted by a partnership would similarly be such property. The Supreme Court remanded the case to the Court of Common Pleas for further proceedings which do not relate in any way to Mr. Samasek's law practice. See *Semasek v. Semasek,* 509 Pa. 282, 502 A.2d 109 (1985). Other jurisdictions recognize that the interest of a partner in a professional partnership is such property. 74 ALR 3rd 624, 625 states:

It has generally been held that upon dissolution of a marriage, the interest therein of the party who is a member of a law firm or medical partnership may be evaluated with respect to his share of a combination of the following partnership assets: capital investment, capital accounts, accrued equity, and accounts receivable, ... any other fixed share of partnership worth carried on the partnership books, the value of work in progress, any appreciation of the true worth of tangible personalty over and above book value, goodwill, if any, or cash on hand and partnership life insurance.

It was held in *Grayer v. Grayer*, 147 N.J.Super. 513, 371 A.2d 753 (1977) that the matter of valuation of a law practice for purposes of equitable distribution is not dependent on form, and the same principles apply whether the practice is conducted as a professional corporation or a partnership. The Supreme Court of Delaware found that a lawyer's interest in his practice which he conducted as a sole proprietor was marital property subject to equitable distribution. *E.E.C. v. E.J.C.* 457 A.2d 688 (Del.Sup.1983). Similarly, the Supreme Court of New Jersey in *Dugan v. Dugan*, 92 N.J. 423, 457 A.2d 1 (1983) determined that the husband's interest in his law practice which he conducted through the means of a professional corporation in which he was the sole owner, was marital property.

While the general principle that an interest in a partnership is marital property presents no particular difficulty, the valuation of such interest is frought with problems. The Supreme Court of New Jersey stated in *Stern v. Stern*, 66 N.J. 340, 331 A.2d 257, 260 (1975):

> Placing a precise or even an approximately accurate value upon an interest in a professional partnership, when the partner whose interest is in question intends to continue as a member of the firm is no easy matter. Circumstances preclude our customary resort to market value. Some other method of determining worth must be employed. Here the terms of the partnership agreement are of help.

Cases from other jurisdictions illustrate the difficulty in evaluating a partnership interest. In *Mori v. Mori*, 124 Ariz. 193, 603 P.2d 85 (1979), the court held that accounts receivable by a husband's professional law corporation, as of the date of the decree, were marital assets includable in distribution of property. This case must be compared with *McClennen v. McClennen*, 11 Ariz.App. 395, 464 P.2d 982 (1970) which held that the trial court did not err in dividing community property in divorce proceedings when it evaluated the husband's interest in a law partnership even though the valuation did not take into consideration the husband's

share of accounts receivable. In *Cronin v. Cronin*, 372 N.W.2d 778 (Minn.App.1985) it was held that the trial court properly determined the value of the husband's stock in his law firm based on a book value formula in the law firm's by-laws, testimony from the controller of the law firm, and evidence of the law firm's recent purchase of stock held by two of the founding members. *Fraase v. Fraase*, 315 N.W.2d 271 (N.D.1982) held that in a divorce action the court properly included an increase in value of the husband's law firm, in which he was a partner, in marital estate for purposes of distribution of marital property where the husband's interest in the law firm included at the minimum, his interest in office equipment, furniture, fixtures and accounts receivable in the absence of an agreement between the parties as to the rights of partners who leave the firm. It was held in *Stolowitz v. Stolowitz*, 106 Misc.2d 853, 435 N.Y.S.2d 882 (1980) that in a divorce action, for purposes of equitable distribution of the husband's interest in his law firm, the agreement between members of the firm as to the amount to be paid to the estate of a member of his firm on death, was presumptively reflective of actual present value, provided that a fixed sum was periodically reviewed by members of the firm on the basis of accurate and reliable record keeping.

In the instant case the court below erroneously determined that the husband's interest in the partnership was not marital property. Although the master found that the partnership interest was marital property and placed a value on it for equitable distribution, we must remand to the court below for a valuation of this marital property as the findings of the master are advisory only and are not controlling or binding on the court. *Kleinfelter v. Kleinfelter*, 317 Pa.Super. 282, 463 A.2d 1196 (1983); *Valerio v. Valerio*, 298 Pa.Super. 262, 444 A.2d 1166 (1982). It is the duty of the court to perform a complete and independent review of all the evidence presented in the action. *Rollman v. Rollman*, 280 Pa.Super. 344, 421 A.2d 755 (1980); *Riley v. Riley*, 246 Pa.Super. 265, 369 A.2d 1314 (1976); *Decker v. Decker*, 192 Pa.Super. 234, 160 A.2d 242 (1960).

In placing a valuation on the interest in the partnership, the master followed the precepts of *Hodge v. Hodge,* 337 Pa.Super. 151, 486 A.2d 951 (1984) and excluded any value due to the appellee's advanced degree and architectural license. We held in *Hodge, supra,* that the legislature did not intend increased earning capacity to be a marital asset. *Lehmicke v. Lehmicke,* 339 Pa.Super. 559, 489 A.2d 782 (1985) was to the same effect. In the instant case the parties stipulated that the husband's architectural license was not marital property.

■ The master did include the partnership's goodwill in placing a value on the appellee's interest. We find no error in this. The concept of goodwill is nebulous at best and consequently the placing of a dollar valuation is most difficult. In *Beasley v. Beasley* 359 Pa.Super. 20, 43, 518 A.2d 545, 556 (1986), we held that "*... in this case* goodwill is not a factor in terms of the value of the sole proprietorship for purposes of equitable distribution ..." (Emphasis added.) In *Beasley, supra,* the husband was a lawyer practicing as a sole proprietor employing some 15 attorneys and the court stressed the aspect of sole proprietorship stating at 359 Pa.Super. at 35, 518 A.2d at 552:

> A sole proprietorship can be distinguished from a partnership, or a professional corporation, in which an ascertainable value can be ascribed for the purpose of buying into or withdrawing from the relationship; *but it is the association, or some share of it, that is valued* and not the individual partner upon which the value is placed. See *Geesbreght v. Geesbreght,* 570 S.W.2d 427 (Tex.Civ. App.1978).[4]

**4.** The court also noted in *Beasley v. Beasley,* 359 Pa.Super. at 35, 518 A.2d at 552:

It would appear to be incontrovertible that good will is a valuable asset and in proper context must be considered in valuation of a property.

The court further stated at footnote 4, 359 Pa.Super. at 42, 518 A.2d at 556:

4. That is not to say that good will expressed as a share of a partnership or professional corporation, with an ascertainable value

(Emphasis in original)

In *DeMasi v. DeMasi,* 366 Pa.Super. 19, 530 A.2d 871 (1987), we held that the goodwill of a professional corporation in which two physicians were each fifty percent shareholders had no present value for equitable distribution purposes under the circumstances in that case. The court held that the husband's medical practice was similar to that of a lawyer who was a sole practitioner and applied the law of *Beasley v. Beasley, supra,* that the goodwill of the spouse's medical practice had no present value and was not marital property.[5]

In the instant case, the master properly determined that goodwill was a factor to be considered in placing a value on the husband's marital property. The court below is not bound by the valuation reached by the master, but it should consider goodwill as a factor in determining value. "Goodwill is the favor which the management of a business has won from the public, and probability that old customers will continue their patronage." *White v. Rairdon,* 52 D. & C. 558, 559 (Delaware County 1944). 38 Am.Jur.2d Goodwill, § 3 states:

> Good will is property of an intangible nature and constitutes a valuable asset of the business of which it is part, unless in the particular instance it is of too uncertain and contingent a nature to be appraised. Often a large portion of the intrinsic marketable or assessable value of a business consists of its good will. However, good will cannot be separated from the business in which it inheres, nor can it be disposed of independently from the business. It has no existence as property in and of itself, as a separate and distinct entity, but only as an incident of a continuing business having locality or name.

which can be purchased or transferred, is to be excluded. Such is not the case here.

5. In *DeMasi v. DeMasi, supra,* the court stated at 366 Pa.Super. at 43–44, 530 A.2d at 883:
Presumably, special circumstances may justify holding that the goodwill of a professional sole proprietorship is marital property while the goodwill of a professional corporation is not.

The goodwill of a dental practice has been considered marital property in distribution proceedings *Re Marriage of Goger*, 27 Or.App. 729, 557 P.2d 46 (1976); *Re Marriage of Nichols*, 43 Colo.App. 383, 606 P.2d 1314 (1979). Also an osteopath's professional goodwill was deemed to be marital property in *Re Marriage of Lukens*, 16 Wash.App. 481, 558 P.2d 279 (1976). While most of the cases we have considered in this opinion have dealt with medical or legal practices, we believe that the same principles apply to an architectural firm.

There was evidence introduced at the master's hearing dealing with the valuation of the appellee's interest in the partnership. Evidence was introduced concerning the firm's earnings, and goodwill of the partnership as a going concern. On the other hand, evidence concerning cash, tangible personal property, accounts receivable was absent.[6] The court below, upon remand, may receive additional evidence pertaining to the factors to be considered in placing a value on appellee's interest in his firm. Prior to this decision it has not been expressly stated that a partnership interest in a professional partnership is marital property. In the interest of justice, appellant should be permitted to introduce evidence concerning the various factors set forth below to be considered in determining value.

In determining the valuation of the partnership interest, the court below should consider the partnership agreement and the Uniform Partnership Act which sets forth the rights and duties of the partners subject to any agreement of the partners.[7] There was extensive testimony before the

---

6. The court below approved the division of marital property as recommended by the master except as to the husband's interest in Buckl and jankowski Architects and the interest of the parties in Greenskeepers, Ltd. The court determined that a fair valuation of Greenskeepers, Ltd. was $11,200.00 and in view of the disparate earning capacity of the parties, awarded 65% to the appellant and 35% to the appellee rather than an equal distribution as recommended by the master. We find no abuse of the court's valuation of Greenskeepers, Ltd. and the equitable distribution of that property.

7. 59 Pa.C.S. § 331 provides, *inter alia:*

§ 331. Rules determining rights and duties of partners

master concerning the capitalization of earnings of the architectural firm and an expert witness for the appellant placed a value on the architectural business and explained in detail how he arrived at the value.[8]

Many factors come into play in determining the value of a spouse's interest in a partnership. Initially, consideration must be given to the partnership agreement, if any, although it is most unlikely that the agreement will deal with valuation of a partner's interest vis a vis equitable distribution upon dissolution of the marital relationship. Generally, a partnership agreement will deal with valuation upon the voluntary withdrawal, death of a partner or dissolution of the firm. Nevertheless, the partnership agreement is a factor. *Stern v. Stern, supra*, 331 A.2d at 261 lists other factors which must be considered:

> Generally speaking the monetary worth of this type of professional partnership will consist of the total value of the partners' capital accounts, accounts receivable, the value of work in progress, any appreciation in the true worth of tangible personalty over and above book value, together with good will, should there in fact be any; the total so arrived at to be diminished by the amount of accounts payable as well as any other liabilities not reflected on the partnership books.

See also *E.E.C. v. E.J.C., supra*, and Pennsylvania's Equitable Distribution, Progress or Confusion?, 60 Temple

The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules:

(1) Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership property, and share equally in the profits and surplus remaining after all liabilities, including those to partners, are satisfied; and must contribute towards the losses, whether of capital or otherwise, sustained by the partnership, according to his share in the profits.

8. Appellant's expert witness testified "... people that are buying businesses, they look at earnings. They look at grossearning figures. Some apply earnings multiples to it and *to assume that a business like this is worth nothing, is, in my professional opinion, ludicrous."* (Emphasis added).

Law Quarterly 293 (1987).[9] While the Divorce Code provides for the equitable distribution of marital property, it gives no guidance on determining the manner of valuing such property. The method of valuation depends on the nature of the property interest involved, and the court must look at the realities of the situation and avoid an unrealistic valuation. The Divorce Code, 23 Pa.S. § 102 states that it is the policy of the Commonwealth to "[e]ffectuate economic justice between parties who are divorced ... and insure a fair and just determination and settlement of their property rights."

Order reversed and case remanded to the court below to determine the value of the appellee's interest in the partnership known as Buckl and Jankowski Architects and after determining the value of the marital property, the court shall equitably distribute the property. Jurisdiction relinquished.

CIRILLO, President Judge, files concurring in part and dissenting in part Opinion.

MONTEMURO, J., joins concurring in part and dissenting in part opinion, by CIRILLO, President Judge.

BROSKY and DEL SOLE, JJ., file concurring opinions.

KELLY, J., joins concurring opinion by BROSKY, J.

9. *In re Marriage of Morris,* Missouri Ct. of Appeals, 588 S.W.2d 39, 44 (1979) the court stated:
   However, it would seem the factors mentioned in Annotation Divorce—Value of Interest in Partnership, 74 A.L.R.3d 621, 623 (1976) would be appropriate to consider in corporation stock valuation along with any other relevant factors. The annotation states assets such as capital investments, capital accounts, other fixed shares of partnership worth, accrued equity, accounts receivable, as adjusted, the value of work in progress, appreciation of tangible personalty, goodwill, cash on hand and partnership life insurance should be considered in determining the value of a partner's interest.

CIRILLO, President Judge, concurring, in part, and dissenting, in part:

I respectfully concur, in part, and dissent, in part. While I agree with the majority's holding that this case should be remanded for a valuation of the tangible assets of the husband's architectural partnership, i.e., cash, accounts receivable, personal property and past earnings, I would find that under the facts of this case, there is no "good will" that would constitute marital property subject to equitable distribution.

As noted by the majority, the concept of good will is nebulous at best, and I can find no discernable reason for attributing this characteristic to the architectural partnership of Buckl & Jankowski in this circumstance. The only good will subject to distribution is that attributable to the partnership. An individual's value does not constitute good will. *Beasley v. Beasley*, 359 Pa.Super. 20, 518 A.2d 545 (1986). I would hold that this architectural partnership's only ascertainable value is the unique talents, skill and experience of its individual partners. This value could not be transferred and would be extinguishable if either partner left the firm, therefore, it cannot be considered good will.

MONTEMURO, J., joins.

BROSKY, Judge, concurring:

I join in the majority opinion to the extent it holds that the appellee's interest in the architectural firm is marital property and subject to equitable distribution, and also in remanding the case to the trial court for a valuation of that interest. However, I feel that any determination that goodwill should be included in this valuation is premature on this record.

It is my position that the value placed on the partnership interest for equitable distribution purposes should be one which will be realizable to the individual possessing the interest. If this happens to include goodwill then it should be included in the valuation. For instance, if the partner-

ship agreement allows for a sale of the interest to a third party, or for a buy out upon leaving based upon the partnership's value as a going concern, then goodwill would appear to be encompassed and should be reflected in the valuation.

However, if there are limitations in the partnership agreement which would prevent any of the value of the goodwill from accruing to appellee, or if the goodwill is not truly realizable to the partners because of the nature of the business then I believe it would be inappropriate to include goodwill in the valuation. See *DeMasi v. DeMasi*, 366 Pa.Super. 19, 530 A.2d 871 (1987), *Beasley v. Beasley*, 359 Pa.Super. 20, 518 A.2d 545 n. 4 (1986).

Accordingly, I feel the trial court should make the initial determination of whether the valuation should include any value for goodwill, and, if so, to what extent, when it values the interest upon remand.

DEL SOLE, Judge, concurring:

I join my colleagues in the majority in the determination that the partnership interest of the plaintiff acquired during the term of the marriage is marital property for the purposes of distribution. I also join the holding of the majority that the goodwill attributable to that partnership interest is marital property subject to distribution.

I write separately to express my view that this holding is in keeping with our determination in *Beasley v. Beasley*, 359 Pa.Super. 20, 518 A.2d 545 (1986) where we stated:

We, therefore, hold that goodwill of a sole proprietorship under these facts is not an element of present value; we also hold that the records of the firm may not be appraised to determine present value and to evaluate earning capacity.[1]

However, I believe that we are by implication overruling the holding of this court in *DeMasi v. DeMasi*, 366 Pa.Su-

1. That is not to say that goodwill expressed as a share of a partnership or professional corporation, with an ascertainable value which can be purchased or transferred, is to be excluded. Such is not the case here.

**536**

per. 19, 530 A.2d 871 (1987) wherein a panel of this court held that a husband-physician's fifty percent interest in a corporation which provided medical services, where the husband was one of two physicians servicing patients, had no present value and was not marital property to be divided.

Factually and functionally there is no difference between the partnership in the case *sub judice* and the interest of the professional in *DeMasi*. It is my view that *DeMasi* is implicitly overturned, and if not, severely limited in its application.

Since I join the majority in its determination that the partnership interest is a marital asset subject to distribution, I would remand to the trial court for the purposes of determining whether or not the master's evaluation is fair and reasonable under the circumstances of record.