## Stitt v. Stitt

C.P. of Northampton County, no. 1999-C-1969.

*Stanley J. Margle III,* for plaintiff.
*Richard J. Shiroff,* for defendant.

HOGAN, *J.,* May 9, 2000—

## ORDER

And now, May 9, 2000, it is hereby ordered, adjudged, and decreed that the objections of plaintiff Thomas P.

Stitt Sr. to nos. 16 and 17 of the interrogatories requested by defendant Melinda M. Stitt are granted in part and denied in part, consistent with the following:

## STATEMENT OF REASONS

(1) The instant matter before the court is the objections of plaintiff Thomas P. Stitt Sr. to interrogatories requested by defendant Melinda M. Stitt.

(2) On October 26, 1999, plaintiff and defendant filed the following stipulation of facts: . . .

"(3) The parties were married on August 20, 1983, and separated on November 4, 1997.

"(4) Plaintiff, Thomas P. Stitt Sr., is an attorney practicing in Easton, Northampton County, Pennsylvania, who has a substantial concentration of his practice in the area of trusts and estates.

"(5) Defendant in her interrogatories has requested that plaintiff supply information regarding his practice in interrogatory nos. 16 and 17. True and correct copies of defendant's interrogatory nos. 16 and 17 are attached hereto marked exhibit 'A' and made part hereof.

"(6) Plaintiff has objected to answering these interrogatories on the basis of client-attorney privilege.

"(7) Plaintiff's estate practice fees are not based on contingency fee agreements, as in a personal injury action, but rather are a percentage of the entire value of the estate or an hourly basis.

"(8) Defendant believes and therefore avers that many of the ongoing estates and trust matters in which plaintiff is involved were acquired prior to the parties' separation while they were cohabiting as husband and wife.

"(9) Defendant believes that the value of plaintiff's estate and trust cases which were started prior to the date

of the parties' separation have a present value for equitable distribution purposes and can be valued by examination of plaintiff's books and records, without the necessity of reviewing confidential matters contained in the files.

"(10) Defendant will also request information regarding plaintiff's business practice as he represents several large companies in the Lehigh Valley area which were clients prior to date of separation.

"(11) Defendant believes that plaintiff's business practice has a present value for equitable distribution purposes and can be valued by examination of plaintiff's books and records, without the necessity of reviewing confidential matters contained in the files.

"(10) [Sic] Defendant has requested information regarding plaintiff's trust and estate practice but he has refused to provide it. . . ." (Stip. of facts.) (alteration added)

(3) Paragraphs 16 and 17 of defendant's interrogatories state:

"(16) Provide a list of all pending estate cases in which you are acting as executor or administrator. In each case provide the name of decedent, the estimated value of the estate, the date of commencement of your services, the present state of the proceeding i.e. federal and state estate tax returns, date of filing of first accounting, objections, etc. Provide a copy of all written fee agreements, in your capacity as executor/administrator. . . .

"(17) Provide a list of all pending estate cases in which you are representing the executor(trix), administrator(trix), beneficiaries, heirs or individuals contesting decedent's will or first accounting. In each case provide the name of decedent, the estimated value of the estate, the date of commencement of your services,

the present state of the proceeding *i.e.* federal and state estate tax returns, date of filing of first accounting, objections, etc. Provide a copy of all written fee agreements, in your capacity as attorney for the executor. . . ." (Pl.'s br. in supp. of objs. to interrogs. exhibit A.) (alteration added)

(4) On January 7, 2000, plaintiff filed a brief in support of objections to interrogatories. Also on this date, defendant filed a brief in support of defendant's position.

(5) By plaintiff's objections, he requests an order sustaining his objections to paragraphs 16 and 17 of defendant's interrogatories. In support of this request, plaintiff asserts that the information requested is irrelevant to the equitable distribution phase of the underlying divorce. Specifically, plaintiff seeks to bar inquiry into future productivity of plaintiff's individual law practice on the basis that the good will of a sole proprietorship is not an element of value for purposes of equitable distribution. Additionally, plaintiff contends he is barred from answering the requested disclosures because of the attorney-client privilege and Rule 1.6 of the Pennsylvania Rules of Professional Conduct.

(6) The scope of discovery in divorce proceedings is defined by Rule 4003.1(a) of the Pennsylvania Rules of Civil Procedure. *Perlberger v. Perlberger,* 426 Pa. Super. 245, 268, 626 A.2d 1186, 1198 (1993). Rule 4003.1(a) provides: "a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents,

or other tangible things and the identity and location of persons having knowledge of any discoverable matter." *Id.*

(7) For purposes of the equitable distribution of marital property, "all property acquired by either party during the marriage, including the increase in value, prior to the date of final separation," is marital property. 23 Pa.C.S. §3501(a). Marital property may include, in certain contexts, the good will[1] of a business entity. *Felt v. Hope,* 416 Pa. 118, 206 A.2d 621 (1964). In order to determine whether the context permits a good will valuation of the subject business entity for purposes of equitable distribution, the court must examine the precise nature of the good will as presented by the facts of the given case, while allaying its focus on the technical form of the business entity. *Gaydos v. Gaydos,* 693 A.2d 1368, 1372-73 (Pa. Super. 1997) (citing *Solomon v. Solomon,* 531 Pa. 113, 611 A.2d 686 (1992)).

Good will which is (1) wholly attributable to the business itself is subject to distribution, but (2) good will which is intrinsically tied to the attributes and/or skills of the professional spouse cannot be viewed as a value of the business as a whole, and thus is not subject to equitable distribution. *Id.,* 693 A.2d at 1372 (citing *Butler v. Butler,* 541 Pa. 364, 663 A.2d 148 (1995)). If "the single individual's contributions become less substantial, the good reputation enjoyed by a business entity becomes less related to the single individual and more a

---

1. "Good will" is defined as "the favor which the management of a business has won from the public, and probability that old customers will continue their patronage." *Buckl v. Buckl,* 373 Pa. Super. 521, 530, 542 A.2d 65, 69 (1988). The concept of good will of a sole proprietorship is nebulous at best and consequently, the placing of a dollar valuation is most difficult.

product of the business entity in general, and thus, more capable of surviving the disassociation of the single individual." *Id.,* 693 A.2d at 1372. Where, however, the good will of the client of the sole proprietorship toward the business is tied exclusively to the presence or skills of a particular professional, and not to a service that could be provided by any number of professionals within the business, the good reputation enjoyed by the business becomes less capable of surviving the disassociation of the single individual. *Fexa v. Fexa,* 396 Pa. Super. 481, 489, 578 A.2d 1314, 1318 (1990). Given this understanding of good will, the Superior Court in *Beasley v. Beasley,* 359 Pa. Super. 20, 518 A.2d 545 (1986), held that a sole proprietorship law practice is not an element of valuation for purposes of an equitable distribution of martial property nor for alimony.[2] *Id.* at 39, 518 A.2d at 553-54. The court further held that "contingent fees may not be

---

2. In reaching this determination, the Superior Court explained:

"A sole proprietorship can be distinguished from a partnership, or a professional corporation, to which an ascertainable value can be ascribed for the purpose of buying into or withdrawing from the relationship; but it is the association, or some share of it, that is valued and not the individual partner upon which the value is placed. . . . The productivity or work effort of the partner is often not the measure of the share possessed by various members of the association. That share is a measurable and marketable commodity and is generally defined by contract. When a sole proprietor terminates his [or her] activity, the lights go out, the value of the sole proprietorship is extinguished and is non-transferable; the clients in the law firm cannot be sold, they can only be transferred and they have the absolute right to select their own future representation; nothing remains in the residue which could be determined of value aside from tangible physical property, or work performed on partially completed cases, which may entitle the lawyer or his [or her] heirs to a quantum meruit payment." *Beasley v. Beasley,* 359 Pa. Super. 20, 35-36, 518 A.2d 545, 552 (1986). (citations omitted) (emphasis omitted)

considered to establish present value or good will[,] [nor] . . . for the purpose of establishing a basis for an alimony award since they are unascertainable earnings . . . ." *Id.* at 45, 545 A.2d at 557.[3]

(8) In the instant case, defendant concedes the effect herein of *Beasley*. Defendant, however, maintains that the rules are not applicable to her interrogatories because she is seeking neither a valuation of the good will of plaintiff's sole proprietorship nor plaintiff's potential contingent fee earnings. Rather, defendant is requesting a controlled appraisal of those files in which plaintiff is receiving present payment for services performed.

(9) With respect to the valuation of a sole proprietorship's present value,[4] the Superior Court has explained that "lawyers cannot be carved out as a special category of professionals who are immune from evaluation as to present value, but to permit inquiry into confi-

---

3. With respect to contingent fees, the court explained "[c]ontingent fees, while having a degree of similarity to pensions, do not have the same expectation of vesting which permits greater certainty in fixing value and for establishing present worth." *Id.* at 41, 518 A.2d at 555. The court explained that:

"In cases where there is a contingent fee arrangement, the value of work completed, or work done and the costs advanced, is absorbed by the sole proprietor and cannot be recouped until the case is completed. This cannot be equated with those cases in which a fee is fixed based upon the work to be performed whereby an appraisal can be made establishing the value to the time of distribution as a recoverable asset." *Id.* at 38-39, 518 A.2d at 554. (citations omitted)

Accordingly, "[i]t is tenuous and risky to attempt to evaluate the likely return on contingent fees and as such, no value can be placed on them for purposes of equitable distribution." *Id.* at 39, 518 A.2d at 554.

4. Present value may consist of capital accounts, accounts receivable, the value of work in progress, any appreciation in the true worth of tangible property over and above book value. *Buckl v. Buckl,* 373 Pa. Super. 521, 542 A.2d 65 (1988).

dential files for the purpose of evaluating contingent fees as potential earnings is inappropriate." *Id.* at 42, 518 A.2d at 556. Accordingly: "in those cases wherein the professional is paid for service performed, a clear appraisal of the value of uncompensated work in progress can be made upon which a determination of marital property and division of that property can be based. This can be ascertained through bookkeeping records, which do not involve the evaluation of confidential files." *Id.* at 41, 518 A.2d at 555.

(10) While a party may have the right to appraise the value of a sole proprietorship for purposes of determining its present value, the court must temper that right with the clients' rights to have their personal affairs be absolutely privileged and private. *Id.* at 42, 518 A.2d at 556. The attorney-client privilege protects this right by precluding discovery or testimony concerning confidential communications made by the client during the course of representation. *Birth Center v. St. Paul Companies Inc.,* 727 A.2d 1144, 1164 (Pa. Super. 1999). Rule 1.6 of the Rules of Professional Conduct governs the confidentiality of such information. Pa. Rules of Professional Conduct Rule 1.6. Rule 1.6 states:

"(a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b) and (c).

"(b) A lawyer shall reveal such information if necessary to comply with the duties stated in Rule 3.3.

"(c) A lawyer may reveal such information to the extent that the lawyer reasonably believes necessary.

"(1) to prevent the client from committing a criminal act that the lawyer believes is likely to result in death or

substantial bodily harm or substantial injury to the financial interests or property of another;

"(2) to prevent or to rectify the consequences of a client's criminal or fraudulent act in the commission of which the lawyer's services are being or had been used; or

"(3) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim or disciplinary proceeding against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client.

"(d) The duty not to reveal information relating to representation of a client continues after the client-lawyer relationship has terminated." *Id.*

Not every item of information obtained by an attorney from a client, however, may be deemed protected by the attorney-client privilege. *Brennan v. Brennan,* 281 Pa. Super, 362, 373, 422 A.2d 510, 515 (1980). In fact, "[i]t has been held that the privilege applies to a communication, assuming it was conveyed in confidence to an attorney by a client in a client-attorney relationship, only when the communication relates to a fact of which the attorney was informed for the purpose of securing either a legal opinion, legal services, or assistance in some legal proceeding." *Id.*

If the information is confidential, the attorney must secure the consent of his or her client prior to releasing the privileged information. When balancing the right of a party to appraise the value of the opposing party's law practice for purposes of equitable distribution against the right of the clients to confidentiality, the court should consider "the rights of the clients, the ethical standards of the bar association and the ability of the court to exer-

cise control over such confidential information. *Beasley,* 359 Pa. Super. at 41, 518 A.2d at 555.

(11) It is not entirely clear that the information requested by defendant in paragraphs 16 and 17 of her interrogatories constitutes confidential information protected by the attorney-client privilege. On balance, we believe so much of this information as might identify a client, or reveal confidential communication, can be excised, and provide a means to satisfy defendant's right to appraise the present value of plaintiff's sole proprietorship. In responding to defendant's interrogatories, plaintiff is directed to redact his clients' names, addresses, and other vestiges of identity from the requested financial documents and information. By taking these steps, plaintiff will be spared any burden or annoyance plaintiff would otherwise be compelled to incur in securing the consent of his client prior to the release of the requested information and documentation.

(12) Consequently, plaintiff is directed to: (1) list all pending estate cases in which he currently acts as executor or administrator, and the place of record where defendant may examine all official dockets and filings; (2) list all such pending estate cases in which he represents decedent's personal representative, and the place of record where defendant may examine all official dockets and filings; (3) list all such pending estate cases which he so serves or represents, where no letters of administration have been awarded; (4) list all accounts receivable for unpaid fees earned or retainers required from all such decedent's estates, omitting the names of the debtor estates; and (5) disclose the balance of fees or commissions estimated to be due for future services in each such estate, arranged from the greatest to the least, omitting the names of the estate from which the compensation may be due.